IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH BILLITTERI, and SCOTT JESSEN on Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § § | |
| SECURITIES AMERICA, INC., CAPWEST SECURITIES, INC., AMERIPRISE FINANCIAL, INC., | § § § § | |
| Defendants. | § § § | |

## CLASS ACTION COMPLAINT FOR VIOLATION OF THE TEXAS SECURITIES ACT

### INTRODUCTION

1.  This is a securities class action brought by Plaintiffs Joseph Billitteri and Scott Jessen on behalf of all persons who purchased or otherwise acquired shares of one or more of the 21 Provident Entities (as defined below) pursuant to private placement memoranda on or after September 1, 2006 from Defendants Securities America, Inc. and CapWest Securities, Inc.

2.  Beginning in September 2006, Provident Royalties, LLC ("Provident"), a company which holds oil and gas interests, working interests and royalty interests in oil and gas properties in the United States, began a series of offerings by 21 affiliated corporations and limited partnerships, referred to herein as the Provident Entities. Securities America, Inc. and CapWest Securities, Inc. offered and sold limited partnership interests and/or preferred stock in the Provident Entities ("Provident Securities") to Plaintiffs and the members of the proposed class pursuant to materially false and misleading private placement memoranda associated with

CLASS ACTION COMPLAINT                                                                                      1

each offering. The offerings by the Provident Entities were similar in their terms, had similar investment purposes, and took place continuously over a 30 month period.

3. The private placement memoranda misrepresented how investor funds would be used. Investors were typically told that 86 percent of their funds would be placed in oil and gas investments. That representation was false. Although some portion of the proceeds from the offerings may have been used for the acquisition of oil and gas interests, funds obtained from later investors were commingled with those of earlier investors, and investor funds raised in later offerings were used to pay "dividends" and "returns of capital" to investors in earlier-created Provident Entities. As a result of these practices, the Provident Entities were ultimately unable to pay further dividends or return outstanding principal investments.

4. Plaintiffs and the Class bring this action under Article 581-33(A)(2) of the Texas Securities Act against Securities America, Inc. and CapWest Securities, Inc. for the offer and sale of Provident Securities pursuant to materially false and misleading statements in the private placement memoranda for the Provident Entities' offerings. Plaintiff Billitteri and the members of the proposed class who purchased Provident Securities offered and sold by Securities America, Inc. additionally seek relief pursuant to Article 581-33(F)(1) of the Texas Securities Act against Defendant Ameriprise Financial, Inc. as a control person over SAI.

## JURISDICTION AND VENUE

5. The claims asserted herein arise under and pursuant to Article 581-33(A)(2) and F(1) of the Texas Securities Act [Tex. Rev. Civ. Stat., art. 581-33(A)(2) and F(1)].

6. This Court has jurisdiction pursuant 28 U.S.C § 1332(d)(2) (the Class Action Fairness Act or "CAFA") as the amount in controversy exceeds $5 million and Plaintiffs and Defendants are citizens of different states.

7. Venue is proper under 28 U.S.C.S. § 1391 because a substantial part of the events

or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

**Plaintiff**

8. Joseph Billitteri, a citizen of Illinois, purchased Shale Royalties 12, Inc. preferred shares offered and sold to him by Securities America, Inc. during the class period.

9. Scott Jessen, a citizen of Colorado, purchased preferred shares in Shale Royalties 3, Inc. and Shale Royalties 9, Inc. as well as a limited partnership interest in Provident Energy 1 offered and sold to him by CapWest during the class period.

**Defendants**

10. Defendant Securities America Inc. ("SAI") is a wholly owned subsidiary of Ameriprise Financial, Inc. SAI is one of the nation's largest independent general securities broker-dealers and provides a wide range of investment products and services. The Advisory division of the company (Securities America Advisors, Inc.) was founded in 1993 and is an SEC Registered Investment Advisor with over $10.2 billion in assets under management. SAI offers education, advice and implementation of retirement planning and other wealth management strategies through its Registered Investment Advisors nationwide. SAI also offers a wide variety of insurance, annuity and ancillary products. Securities America is headquartered in Omaha, Nebraska.

11. Defendant CapWest Securities, Inc. ("CapWest") was established in 1992 as an independent full-service brokerage firm. From its Lakewood, Colorado headquarters, CapWest Securities operates more than 50 branch offices nationwide with over 75 licensed financial advisors. CapWest is a member of the Financial Industry Regulatory Authority, Securities Investors Protection Corporation, and the Municipal Securities Rulemaking Board.

12. Defendant Ameriprise Financial, Inc. ("Ameriprise") is a leading provider of financial advice. The company offers financial planning, products, and services to nearly 3 million individual and institutional investors, primarily in the United States. Through Ameriprise Financial Services and other affiliates, the company sells insurance, mutual funds, college savings plans, personal trust services, retail brokerage, and other products and services. Ameriprise distributes its products primarily through a network of more than 12,400 financial advisors that includes direct employees, franchisees, affiliates, and its Securities America broker-dealer subsidiary. Ameriprise is headquartered in Minneapolis Minnesota.

## RELEVANT NON-PARTIES

13. Provident Royalties, LLC ("Provident") is a Delaware limited liability company with its principal office in Dallas, Texas. Provident was to acquire a combination of producing and non-producing sub-surface mineral interests, working interests and production payments in real property located within the United States. Provident is a beneficial owner in each of the numerous Provident Entities. SAI and CapWest offered and sold preferred shares and limited partnership interests in the Provident Entities beneficially owned by Provident.

14. Provident Asset Management, LLC ("PAM") is a Delaware limited liability company which has been registered with the Securities and Exchange Commission ("SEC") as a broker-dealer since March 9, 2004. PAM's principal office is in Dallas, Texas. PAM acted as the "Managing Dealer" in regards to the Provident Entities' offerings and paid sales commissions and due diligence fees to SAI and CapWest.

15. The Provident Entities are a series of business entities through which Provident and PAM raised funds from investors. All of the entities maintain their headquarters in Provident's offices in Dallas, Texas. Four of the Provident Entities are also Texas limited partnerships and one is a Texas limited liability company.

CLASS ACTION COMPLAINT                                                                 4

16. On June 22, 2009, Provident and 26 of the company's subsidiaries filed for Chapter 11 Bankruptcy in the Northern District of Texas. That case is before Hon. Harlin DeWayne Hale (Main Case Docket 09-33886). Provident, PAM and the Provident Entities described below were placed in receivership on July 2, 2009 by Hon. Sam A. Lindsay (Civil No.: 3-09CV1238-L). In light of the bankruptcy and the receivership, Plaintiffs have not named Provident, PAM and the Provident Entities as defendants in this action.

17. This action asserts personal claims of the purchasers of Provident Securities only, and does not assert or seek to assert any claim against any Provident entity in bankruptcy or receivership, or any claim or right of any such entity in bankruptcy or receivership against any third party.

## CLASS ACTION ALLEGATIONS

18. Plaintiffs bring this action as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of a class consisting of all persons who purchased limited partnership interests or preferred shares in the Provident Entities' offerings, offered or sold to them by SAI and CapWest during or after September 2006. Excluded from the Class are Defendants, their officers and/or directors, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

19. The Class is so numerous that joinder of all members is impracticable. Over 7,500 investors purchased Provident Securities, rendering joinder of all such purchasers in a single action impracticable. The precise number of persons who purchased Provident securities from SAI and CapWest can be ascertained through appropriate discovery.

20. The names and addresses of the record owners of Provident Securities that were

offered or sold to the Class by SAI and CapWest are available from Defendants. Notice can be provided to such record owners via first class mail using techniques and a form of notice similar to those customarily used in class actions.

21. Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class sustained damages as a result of the wrongful conduct complained of herein.

22. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and securities litigation. Plaintiffs have no interests that are contrary to, or in conflict with, those of the members of the Class that Plaintiffs seek to represent.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually seek redress for the wrongful conduct alleged.

24. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Questions of law and fact common to the Class include whether:

(a) Defendants violated, Article 581-33(A)(2) and F(1) of the Texas Securities Act [Tex. Rev. Civ. Stat., art. 581-33(A)(2) and F(1)] as alleged herein;

(b) the private placement memoranda contained misstatements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

(c) Ameriprise controlled SAI; and

(d) the members of the Class have sustained damages and, if so, the appropriate

CLASS ACTION COMPLAINT                                                                                           6

measure thereof.

25. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## SUBSTANTIVE ALLEGATIONS

26. In September 2006, Provident began a series of offerings by the Provident Entities. Provident was the beneficial owner of each of the Provident Entities. SAI and CapWest offered and sold Provident Securities to Plaintiff and members of the Class pursuant to materially false and misleading private placement memoranda associated with each offering. The offerings by the Provident Entities were similar in their terms, had the same investment purpose, and took place continuously over a 30 month period.

27. Provident limited each offering to 500 investors and to varying dollar amounts, and as an offering would approach one of those limits, the next Provident Entity would be created.

28. The Provident Entities' preferred stock was underwritten by PAM on a best efforts basis as a managing dealer under a placement agreement with each of the Provident Entities. PAM made some direct retail sales of securities through the Provident Entities offerings. PAM also solicited SAI and CapWest to enter into placement agreements for the Provident Entities' offerings, and SAI and CapWest sold Provident Securities to Plaintiff and Class members nationwide.

29. Provident deposited the proceeds from the offerings into a bank account for the Provident Entity in which the investor purchased stock or a limited partnership interest. Prior to July 2008, money moved freely from one Provident Entity account to another as required for the payment of dividends or to fund operations. None of the Provident Entities had audited financial statements.

CLASS ACTION COMPLAINT                                                                   7

30. After July 2008, invested funds were initially deposited into the account for the Provident Entity in which the investor purchased securities and then moved into one of Provident's operating accounts.

31. The Provident Entities included Shale Royalties, Inc., numbered II through 20. These entities offered two series of non-convertible redeemable cumulative preferred stock. Each share of stock was offered for $5,000 pursuant to a private placement memorandum.

32. At the outset of the Provident Entities' offerings, dividends on each share of Series A preferred stock were to accrue at the rate of 1.5% per month. Dividends on each share of Series B preferred stock were to accrue at the rate of 1.25% per month.

33. Dividends were to be paid four months in arrears, and then monthly on the last day of each month. Series A preferred stock was redeemable at the end of 24 or 36 months and Series B preferred stock at the end of 24 months.

34. At some point in time, Provident reduced the amount payable for dividends on Series A preferred stock to 1.375% and on Series B preferred stock to 1.167%. At the same time, the private placement memoranda for these Provident Entities changed the redemption period to 48 months for Class A Preferred Shares and 36 months for Class B Preferred Shares.

35. Provident Energy 1, Provident Energy 2 and Provident Energy 3 offered limited partnership shares. These shares were sold at $5000 per unit with a minimum investment of $25,000. The private placement memoranda for these entities provided that "the limited partners and investor general partners will receive 95% of net cash flow until payback. After payback, the investors will receive 50% of net cash flow."

36. Provident Resources 1, LP offered $5000 units with a minimum investment of $25,000. The private placement memorandum for this entity provided that "purchasers of units in the partnership will participate in profits and losses and distributions as follows: 85% to the

CLASS ACTION COMPLAINT                                                                                      8

Investor Partners before Payout and 15% to the Managing Partner before Payout, 30% to the Investor Partners after Payout and 65% to the Managing partner after payout and 5% Okoboji Financial after Payout."

37. Other Provident Entities' offerings included Provident Energy 1, LP, Provident Energy 2, LP, Provident Energy 3, LP, and Provident Resources 1, LP. These entities offered limited partnership interests on substantially the same terms as the other Provident Entities.

38. On January 22, 2009, Provident announced that it would cease accepting new investors into any of the open Provident Entities' offerings. Then, on January 29, 2009, Provident suspended dividend payments for all of the Provident Entities. Provident has not paid any dividends since that date.

39. On July 1, 2009 the SEC filed suit against Provident, PAM, the 21 Provident Entities and others for violations of Section 17(a) of the Securities Act and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. The SEC also sought a temporary restraining order and emergency asset freeze which the court granted on July 2, 2009.

40. The private placement memoranda used by SAI and CapWest to offer Provident Securities to Plaintiffs and the Class contained the following materially false and misleading statements:

(a) Investor funds would be used by each individual Provident Entity to purchase oil and gas assets for that corresponding entity;

(b) The proceeds of each offering would be deposited into an account of the corporation and become assets of the corporation;

(c) A specified percentage of the subscription proceeds would be allocated to oil and gas investments;

(d) Investors in Provident Securities would receive dividends or other payments

CLASS ACTION COMPLAINT                                                                                           9

derived from revenues garnered primarily from the sale of assets in which the Provident Entities invested;

(e) The Provident Entities' cash flow was dependent upon the receipt of income from oil and gas related investments; and

(f) Investors would expect to receive specified returns on their investments.

41. These statements were materially false and misleading because the private placement memoranda did not disclose that a significant portion of investments made by Plaintiffs and the Class would be moved between the Provident Entities and used to pay earlier investors their dividends and return of principal, rather than being invested in oil and gas assets. Plaintiffs and the Class were not told that cash flow for older Provident Entities was being derived from share purchases by investors in newer Provident Entities. The private placement memoranda also did not divulge the risks that Provident would be unable to conduct future offerings or entice investors to purchase shares in future offerings.

42. A reasonable investor would have found it important to know that their funds were not being invested as represented in the Provident Entities' private placement memoranda and that their funds were instead being used to repay earlier investors in separate Provident Entities. A reasonable investor also would have wanted to know the risks posed by the Provident Entities' conduct.

43. Plaintiffs' claims are timely under Article 581-33(H) of the Texas Securities Act because they bring their claims less than five years after their purchases of Provident Securities and less than three years after the discovery of untruths or omissions was or should have been made. [Tex. Rev. Civ. Stat., art. 581-33(H)]. Mr. Billitteri purchased preferred shares in Shale Royalties 12, Inc. on June 16, 2008. Mr. Jessen purchased preferred shares in Shale Royalties 3, LLC on March 23, 2007 and in Shale Royalties 9, Inc. on April 25, 2008. Mr. Jessen purchased

shares in a limited partnership interest in Provident Energy 1, LP on April 12, 2007. Plaintiffs did not and could not have discovered, by the exercise of reasonable diligence, the untruths and omissions alleged herein at any time that would fall outside the limitations period.

## COUNT I

### Claim for Violations of the Texas Securities Act, Art. 581-33(A)(2)

### Against Defendants SAI and CapWest

44. Plaintiffs repeat and reallege each and every allegation contained above as if set forth fully herein and further alleges as follows.

45. This Claim is brought pursuant to the Texas Securities Act, Tex. Rev. Civ. Stat., art. 581-33A(2), on behalf of Plaintiffs and others similarly situated.

46. This Claim is brought against SAI and CapWest for violations of art. 581-33A(2) of the Texas Securities Act ("TSA") in connection with the sale of Provident Securities to Plaintiffs and the members of the proposed Class.

47. The private placement memoranda contained untrue statements of material facts and/or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which the statements were made, not misleading. Among other things, and as detailed more fully *supra*, the private placement memoranda were false and misleading because they represented that approximately 86% of investor proceeds would go toward oil and gas investments when, in fact, the funds raised in later offerings were used to pay "dividends" and "returns of capital" to investors in earlier offerings.

48. The laws of the State of Texas, particularly the provisions of the TSA, are applicable as there is a substantial nexus between the violations alleged herein and the State of Texas. SAI and CapWest do significant business in Texas and engaged in business with Provident, PAM, and the Provident Entities, all of whom are based in Dallas, Texas, as alleged

CLASS ACTION COMPLAINT                                                                                      11

herein. Specifically, the private placement memoranda were prepared in Texas and rendered false by events which occurred in Texas. Four of the Provident Entities were Texas limited partnerships, one was a Texas limited liability company, and all of the Provident Entities were beneficially owned by Provident which was headquartered in Dallas, Texas. Further, SAI and CapWest negotiated and entered into placement agreements with PAM, again based in Dallas, Texas, in order to offer and sell shares in the Provident Entities to Plaintiffs and members of the Class. The private placement memoranda used by SAI and CapWest to offer and sell Provident Securities also directed investors to contact PAM in Dallas, Texas. Plaintiffs and members of the Class along with SAI and CapWest broker-dealers also signed subscription agreements with the Texas-based Provident Entities.

49.   SAI and CapWest participated in the offer to sell and sold Provident Securities to Plaintiffs and members of the Class by means of the private placement memoranda and written and oral communications which were inaccurate and misleading as they contained untrue statements of material fact and/or omitted to state other facts necessary to make the statements made not misleading as described above. Plaintiffs and each of the members of the Class acquired Provident Securities from SAI and/or CapWest and are in privity with SAI and/or CapWest.

50.   SAI and CapWest did not make a reasonable investigation and did not possess reasonable grounds for the belief that the statements contained in the private placement memoranda were true and did not omit any material fact and were not misleading. Additionally, SAI and CapWest did not possess reasonable grounds for the belief that the written and oral statements made by them were truthful and contained all facts necessary to make the statements made not misleading.

51.   SAI and CapWest offered for sale and sold Provident Securities to Plaintiffs and

CLASS ACTION COMPLAINT                                                                                                    12

members of the Class and had a clear financial interest in consummating the offerings, as their brokers received approximately 6-8% commissions on their sales of shares in the offerings.

52. SAI and CapWest did the following acts in furtherance of the sale of shares in the Provident Entities:

(a) They actively used the private placement memoranda to sell shares in the Provident Entities to the investing public. Specifically, the private placement memoranda were "selling documents," used by SAI and CapWest to create interest in the shares of the Provident Entities and were widely distributed by SAI and CapWest for that purpose; and

(b) SAI and CapWest caused the private placement memoranda to be provided to Plaintiffs and members of the Class.

53. Plaintiffs and the members of the Class have been damaged as a result of their purchases of Provident Securities. Plaintiff and members of the Class either did not receive any interest payments and/or dividends or ultimately stopped receiving these promised payments and have lost some or all of their principal investments. Plaintiffs and members of the Class would not have purchased interests in the Provident Entities at the prices they paid, or at all, if they had been aware that their funds were not being used toward oil and gas investments as described in the private placement memoranda, but instead were used to pay "dividends" and "returns of capital" to earlier investors.

54. On behalf of themselves and all members of the Class, Plaintiffs seek rescission and/or actual damages. Plaintiffs, representatively, hereby tender to Defendants those shares in the Provident Entities which certain Class members continue to hold, on behalf of all members of the Class who continue to own the shares in the Provident Entities, in return for the consideration paid for those shares together with interest thereon. As to the shares in the Provident Entities that are no longer owned, an award of damages is sought pursuant to the Tex. Rev. Civ. Stat., art.

581-33.

55. At the times the shares in the Provident Entities were purchased, Plaintiffs and other members of the Class did not know, or in the exercise of reasonable diligence could not have known, the true facts concerning the false and misleading statements or omissions in the private placement memoranda alleged herein.

## COUNT II

### Claim for Violations of the Texas Securities Act, Art. 581-33F(1)

### Against Defendant Ameriprise

56. Plaintiff Billitteri repeats and realleges each and every allegation contained above as if set forth fully herein and further alleges as follows.

57. This Claim is brought pursuant to the Texas Securities Act, Tex. Rev. Civ. Stat., art. 581-33F(1), on behalf of Plaintiff Billitteri and members of the Class who purchased shares in the Provident offerings through SAI.

58. This Claim is brought against Defendant Ameriprise for violations of art. 581-33F(1) of the TSA in connection with the sale of shares in the Provident Entities to Plaintiff and the Class by Ameriprise's wholly owned subsidiary SAI pursuant to false and misleading statements and omissions contained in the private placement memoranda, and alleged herein. By virtue of Ameriprise's ownership of SAI, Ameriprise directly or indirectly exercised control over SAI, the offeror and seller of shares in the Provident Entities. Ameriprise stood to benefit from the resulting infusion of fees and commissions into its subsidiary SAI.

59. Ameriprise neither made a reasonable investigation into nor possessed reasonable grounds for the belief that the statements contained in the private placement memoranda were true, did not omit any material fact and were not misleading. Additionally, Ameriprise did not possess reasonable grounds for the belief that the written and oral statements made in furtherance

CLASS ACTION COMPLAINT                                                                                           14

of the sale of shares in the Provident Entities were truthful and contained all facts necessary to make the statements made not misleading. Had Ameriprise exercised reasonable care, the existence of the facts alleged herein would have become known to it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, prays for judgment as follows:

(a) Declaring the action to be a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b) Awarding Plaintiffs and the other members of the Class damages in an amount which may be proven at trial;

(c) Awarding Plaintiffs and the members of the Class pre-judgment and post-judgment interest, as well as their reasonable attorneys' and expert witness' fees and other costs;

(d) Allowing Plaintiffs and other members of the Class who still hold shares purchased in the Provident Entities' offerings, offered and sold to them by Defendants, to tender their shares to Defendants;

(e) Awarding Plaintiffs and the other members of the Class rescission and/or rescissory damages; and

(f) Such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED: August 24, 2009          Respectfully submitted,

**WARE JACKSON LEE & CHAMBERS L.L.P.**

By: _____
      Jeffrey W. Chambers

Jeffrey W. Chambers
jeffchambers@warejackson.com
America Tower
2929 Allen Pkwy
Houston, TX 77019
Telephone: (713) 659-6400
Facsimile: (713) 659-6262

Daniel C. Girard
dcg@girardgibbs.com
Regina A. Sandler
ras@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Counsel for Plaintiffs Joseph Billitteri and Scott Jessen*