UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
BILLITTERI v. SECURITIES AMERICA, INC., :
*et al.* (*Provident Royalties Litigation*) :   CIVIL ACTION NUMBER
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
:   3:09-CV-01568-F
:
NATIONAL SECURITIES CORP. and :
NATIONAL HOLDINGS CORP. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS NATIONAL SECURITIES CORP.'S AND NATIONAL HOLDINGS CORP.'S MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants National Securities Corp. and National Holdings Corp. (jointly "National Securities") move this Court pursuant to Fed. Rules Civ. Proc. 12(b)(6) and/or Rule 9(b) and the local rules of this District, for an Order dismissing the Consolidated Amended Class Action Complaint dated December 7, 2009 (the "Complaint"), against these Defendants for failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement pursuant to Federal Rules of Civil Procedure 12(e).[1]

**PRELIMINARY STATEMENT**

National Securities adopts and incorporates for all purposes the summary of the Complaint, summary of arguments and summary of law involved the Standard of Review and pleading requirements for cases of this nature as described by defendants Next Financial Holdings, Inc., Next Financial Group, Inc., and Securities America in their respective motions to

---

[1] This Motion is timely and proper. Pursuant to Fed. Rules Civ. Proc. 12(b)(6), "a motion making any of these defenses shall be made before pleadings if a further pleading is permitted." Here, a further pleading is permitted. Since the National Securities answers are due on March 18, this Motion is timely and compliant with Fed. Rules Civ. Proc. 12(b)(6).

dismiss. This effort to eliminate unnecessary duplication is especially applicable to this case as the facts, law and causes of action alleged in the Complaint are virtually identical as to all Defendants; and there is little, if any, specification and/or differentiation as to any particular Defendant.

Specific to these Defendants, and in particular, with respect to National Securities, the Court will see the following:

A. Of the eleven (11) named Plaintiffs in this Complaint, only one such person allegedly purchased any Provident securities from National Securities, i.e., James Merrill ("Mr. Merrill") (Complaint ¶ 20).

B. With respect to Mr. Merrill, there is no pleading to describe any fact regarding such purchase, including when, where, how, how much, what representations were actually made and relied upon, and what was provided to review and/or what was said.

C. The basis for all of Plaintiff's claims, regardless of the causes of action attributed thereto, are:

1. That the National Securities' sale of Provident's securities pursuant to allegedly materially false documents authored by Provident was in violation of Section 33(A)(2) of the Texas Securities Act ("TSA");

2. That National Holdings Corp. is liable for control person liability pursuant to Section 33(F)(1) of the TSA; and

3. That National Securities is liable for breach of fiduciary duty.

## STANDARD OF REVIEW

National Securities adopts and incorporates the arguments and authorities cited by Next Financial Holdings, Inc., Next Financial Group, Inc. (jointly "Next") and Securities America

with respect to the Standard of Review and heightened pleadings standard established by the U.S. Supreme Court for such claims and Motions To Dismiss pursuant to 12(b)(6). However, National Securities reiterates that the Complaint alleges no specific facts as to National Securities with respect to any purchaser of Provident securities, including Mr. Merrill.

### PLAINTIFFS FAIL TO STATE A CLAIM UNDER ARTICLE 581-33(A)(2) OF THE TEXAS SECURITIES ACT (COUNT I)

Plaintiffs' claims against National Securities under Article 581-33(A)(2) of the TSA insufficiently allege an actionable claim under TSA. Defendants Next and Securities America have described such failures of the Complaint. (See Next's Motion to Dismiss Point II at page 12, et seq., and Securities American II, page 7, et seq.) National Securities accordingly incorporates for all purposes such factual and legal arguments in support of their Motion to Dismiss as well.

Additionally, in support of their Motion to Dismiss, National Securities points out to this Honorable Court the following:

1. That there is no pleading specifically describing the name, identification or location of any particular representative of National Securities who made such presentation or representation to Mr. Merrill, or to anyone.

2. That there is no description as to when, how or under what circumstances any such representations were made;

3. That there is no description as to how much of an investment Mr. Merrill made and/or what documentation, if any, was given for Mr. Merrill to review and his reliance thereon;

4. That any written information disseminated for review was prepared by Provident, <u>not</u> National Securities;

5. That even the written statements in Provident's PPM constitute "forward-looking" statements and are not actionable; and,

6. That many of the statements made in Provident's PPM are not actionable because of the "Bespeaks Caution Doctrine." (See Next Motion to Dismiss (Point II, (A)(2) and (B)).

In summary, the allegations of the complaint are purely conclusory and speculative. As such, they do not satisfy the pleadings standard described above.

## PLAINTIFFS HAVE FAILED TO PLEAD THAT NATIONAL HOLDINGS CORP. IS A CONTROL PERSON UNDER THE TSA

Plaintiffs allege that National Holdings Corp. should be held liable because it is a "control person." Yet, Plaintiffs have failed as a matter of law to sufficiently allege facts to show that National Holdings Corp. is in fact a control person. While the TSA does not define "control person," Texas courts define it "'in the same broad sense as in federal securities law' and means the possession, direct or indirect, of the power to direct or cause the direction of the management or policies of a person, whether through ownership of voting securities, by contract or otherwise." *Gonzalez v. Morgan Stanley Dean Witter, Inc*., 2004 U.S. Dist. LEXIS 26709 at *7 (W.D. Tex. 2004). In fact, the Fifth Circuit requires a complaint to show more than "status or position" to allege control person liability. The Complaint must contain allegations that the "defendant had the power to directly or indirectly control or influence…" *Newby v. Enron Corp.* (*In re Enron Corp. Sec. Litig*., 2004 U.S. Dist. LEXIS 29668 at *15 (S.D. Tex. 2004).

The only complaint regarding National Holdings Corp. is that by reason of its alleged 75% ownership it has the ability to direct the management of National Securities Corp. This is simply not enough. As described by Next and Securities America, Texas courts have held that this allegation alone is not sufficient to demonstrate such control.

Defendants thus incorporate for all purposes the arguments of Next and Securities America with respect to this point.

## PLAINTIFFS HAVE FAILED TO PLEAD A VIABLE CLAIM FOR BREACH OF FIDUCIARY DUTY

In the Complaint § 11, 65, 106 – 124, Plaintiffs allege that National Securities, among others, breached fiduciary duties to the Plaintiff and the Class by virtue of false representations and material facts relative to the sale of the Provident Securities, as well as failure to conduct adequate due diligence.  Such claim is based on a theory without factual support, that National Securities participated in the preparation of the PPM and/or failed to conduct adequate due diligence relative to these Reg D investors.

To sue for breach of fiduciary duty, one must first establish the existence of a fiduciary relationship.  *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (2007).  Plaintiffs have not done so.  The elements of fiduciary duty are "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant" (citing *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. 2006); *Abetter Trucking Co. v. Azripe*, 113 S.W.3d 503, 508 (Tex. App. 2003)).

Plaintiffs have erroneously based their breach of fiduciary claim on National Securities' role as a selling broker-dealer of Provident securities.  This broker-client relationship between National Securities and Plaintiffs, as plead, does not state a claim for fiduciary duty upon which relief can be granted.  The Courts hold that selling broker-dealers, such as National Securities, have a limited duty to executing authorized trades.  The Complaint lacks allegations of the specific facts that would increase or heighten National Securities' duty.

Rather than restate the well-established principles described in the Motion to Dismiss of Next and Securities America, these Defendants adopt and incorporate for all purposes such argument. However, the Court should take notice of the following:

1. National Securities was a selling broker. There is no allegation to elevate that relationship.
2. As such, National Securities' only duty to Plaintiff was to execute authorized sales and transactions. It had no further duty.
3. As such, there is no fiduciary duty as a matter of law which could be breached.

## SUMMARY

Plaintiffs have failed to state with particularity facts to support a cause of action against these Defendants for violation of the TSA, for control person liability and/or breach of fiduciary duty. As a result, Plaintiffs' causes of action should in all things be dismissed, or in the alternative, Plaintiffs should be required to replead with specificity pursuant to Federal Rules of Civil Procedure 12(e).

Dated: March 18, 2010

    Respectfully submitted,

    /s Martin H. Kaplan
    Martin H. Kaplan
    *Admitted Pro Hac Vice*
    N.Y. Attorney Registration # 1053701
    GUSRAE, KAPLAN, BRUNO &
        NUSBAUM PLLC
    120 Wall Street, 11th Floor
    New York, New York 10005
    Tel: (212) 269-1400
    Fax: (212) 809-5449
    mkaplan@gkblaw.com

*Attorneys for National Securities Corp. and National Holdings Corp.*

s/ Brenda Neel Hight _____
Brenda Neel Hight
State Bar No. 09607400
BAUGH DALTON CARLSON RYAN LLC
717 North Harwood Street, Suite 2400
Dallas, Texas 75201
Tel: (214) 802-3943
Fax: (214) 382-2561
Email: BHight@baughdaltonlaw.com

*Local Counsel for National Securities Corp. and National Holdings Corp.*

## **CERTIFICATE OF SERVICE**

On March 18, 2010, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).

s/ Brenda Neel Hight _____
Brenda Neel Hight