UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLITTERI ET AL, § | |
| Plaintiffs, § | Case no. 3:09-cv-1568-F |
| § | |
| v. § | |
| § | |
| SECURITIES AMERICA, INC. ET AL, § | |
| Defendants. § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

BEFORE THE COURT is Plaintiff Donald Stott's Motion for Temporary Restraining Order under the All Writs Act (Docket No. 156), filed December 23, 2010. Defendant Capital Financial Services does not oppose the Motion. On December 21, 2010, both Stott and Capital Financial filed a Motion for Preliminary Approval of Class Action Settlement (Docket No. 151), which notified the Court of a settlement agreement reached between the parties. The parties seek the Court's approval of a Settlement Agreement. Among the relief sought by the parties is a court order "to preserve the *status quo* pending the Court's final settlement approval determination, preliminarily enjoining all proceedings in federal or state court and all arbitration proceedings by or on behalf of members of the proposed Settlement Class against Capital Financial asserting claims arising from its offer and sale of Provident Securities." *See* Mot. for Preliminary Approval, Docket No. 151, at 1. More immediately, the parties seek a Temporary Restraining Order that would temporarily stay an arbitration

1

proceeding scheduled for January 3, 2011, involving a Mr. and Mrs. Benson in Bismarck, North Dakota against Capital Financial, which is being conducted before the Financial Industry Regulatory Authority ("FINRA"). Apparently, the Bensons would be members of the proposed settlement class, and would have the option to opt out of the settlement class were the Court to approve the Settlement Agreement. If the arbitration were to proceed, it would expend funds for legal defense that would otherwise be made available to class members. Additionally, if the Bensons are fully successful in their arbitration, they could receive nearly all of the funds available to potential class members under the proposed Settlement Agreement. Should the arbitration be temporarily restrained, funds that would otherwise be equitably distributed to members of the potential settlement class would not be depleted by this arbitration, and potentially other arbitration proceedings scheduled to take place throughout 2011.

The Court scheduled a hearing on the Motion for Preliminary Approval on January 3, 2011, the earliest available date for a hearing. Counsel for the parties before the Court have represented to the Court that the Bensons' counsel has refused to delay or reschedule the January 3 arbitration.

The parties ask the Court to exercise its authority under the All Writs Act to temporarily restrain the arbitration from proceeding. The All Writs Act provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law." 28 U.S.C. § 1651(a). In a complex class action such as this one, district courts have been ruled to have the authority to stay proceedings taking place elsewhere "in aid of their respective jurisdictions" to assist the courts in the complex task of ensuring resolutions to the claims before it. *See In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) ("An important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction."); *see also United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the Act, extend, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice . . . , and encompasses even those who have not taken any affirmative action to hinder justice.") (citations omitted).

Furthermore, other courts have held that districts courts have the authority in similar situations to enjoin litigation in other courts pending the approval of a class certification and a settlement. For example, in *Liles v. Del Campo*, 350 F.3d 742 (8th Cir. 2003), the Eighth Circuit wrote:

> The district court enjoined proceedings in related litigation to preserve the settlement fund, to eliminate the risk of inconsistent or varying adjudications that would deplete the fund, to avoid confusion among the class members, and to save scarce judicial resources. The court acted within its discretion in issuing the injunction because enjoining related litigation was necessary to ensure the enforceability of the order approving the preliminary settlement and to prevent further draining of the limited settlement fund. As the district court found, neither settlement nor notification of class members could be achieved

>if the settlement fund were eaten up by litigation in other courts. Without enjoining related litigation, the court ran the risk of undermining the settlement that had been negotiated and preliminarily approved and of exhausting the only asset available for class recovery. We conclude that the court did not abuse its discretion in enjoining related litigation.

*Id.* at 746-47.

While the Court has not yet ruled on the Motion for Preliminary Approval, it is the opinion of the Court that at least a temporary injunction would be appropriate to preserve the *status quo* and ensure that the conditions for reaching such an agreement remain in place as the Court considers the Motion for Preliminary Approval. It is true that, unlike in *Baldwin-United* or *Liles*, the Court is enjoining an arbitration proceeding rather than litigation in another court. However, this Order does not provide for a long-standing injunction of arbitrations involving Capital Financial's sale of Provident Securities, but merely provides for a temporary restraining of those proceedings while the Court considers the Motion for Preliminary Approval. Therefore, the Court will have an opportunity to consider the question of whether the Court has the authority to enjoin an arbitration being pursued subject to a potential class member's agreement with Capital Financial, or whether such relief would be appropriate, when the Court rules on the Motion for Preliminary Approval. *See In re Piper Funds, Inc.*, 71 F.3d 298, 302-03 (8th Cir. 1995) (holding that a district court's reason for enjoining an arbitration, preserving a carefully negotiated class settlement agreement, was not a sufficient basis to limit an opted-out class member's contractual right to arbitrate); *contra In re Painewebber Ltd. Partnerships Litig.*, No. 94 CIV. 8547 SHS, 1996 WL 374162,

at *4 (S.D.N.Y. July 1, 1996) (holding that "it would be incongruous if the Court had the authority to stay pending litigation, but not to enjoin arbitration, 'in aid of its jurisdiction' even before judgment is entered.").

In *Baldwin-United*, a case in which the Second Circuit affirmed a district court's actions in staying potential state court litigation by non-parties, the district court issued a temporary restraining order on other litigation and held a hearing before issuing an injunction upon state court litigation. *Baldwin-United*, 770 F.2d at 333. The Court believes such an action is appropriate here because the Court has a hearing scheduled on January 3, 2011 on the Motion for Preliminary Approval, which includes a request for the additional injunctive relief noted above. For the purposes of this Temporary Restraining Order, the Court's exercise of its authority under the All Writs Act will preserve the funds available to Capital Financial for the proposed Settlement Agreement from being depleted by the costs to defend the arbitration until the Court determines whether to grant preliminary approval of the partial class action settlement and whether to preliminarily enjoin all federal, state, and arbitration proceedings related to Capital Financial's sale of Provident Securities. A Temporary Restraining Order issued at this time is "needed to prevent third parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it." *Id.* at 338-39.

Accordingly, it is ORDERED that the final arbitration hearing in the Bensons' arbitration with Capital Financial (*Craig and Brenda Benson, Claimants v. Capital Financial Services, Inc., Robert L. Labonte and John R. Carlson*, FINRA No. 10-01066) presently set

for January 3, 2011 in Bismarck, North Dakota is TEMPORARILY RESTRAINED FROM PROCEEDING. This Temporary Restraining Order shall remain in effect until the Court has issued a decision on the pending Motion for Preliminary Approval, including the decision to enjoin any arbitrations against Capital Financial for claims arising out of its sale of Provident Securities, which shall be issued no later than **January 17, 2010 at 5:00 P.M.** unless altered by the Court.

In accordance with the requirement that those subject to an injunction receive appropriate notice of its terms, the Clerk's office is instructed to provide notice of this Order to the following individuals at its earliest opportunity:

Dena C. Sharp  
Girard Gibbs LLP  
601 California Street, Suite 1400  
San Francisco, CA 94110  
Telephone (office): (415) 544-6455  
Telephone (mobile): (415) 244-2152  
Fax: (415) 981-4846  
Email: chc@girardgibbs.com  

Barry Flynn (Counsel for Capital Financial in the above-captioned matter)  
3D/International Tower  
1900 West Loop South, Suite 1000  
Houston, TX 77027  
Telephone (office): (713) 961-3366  
Fax: (312) 759-0402  
Email: bflynn@gordonrees.com  

David A. Baugh (Counsel for Capital Financial in several arbitrations)  
55 West Monroe Street, Suite 600  
Chicago, IL 60603  
Telephone (office): (312) 863-3660  
Telephone (mobile): (847) 710-5807

Fax: (312) 759-0402
Email: Dbaugh@baughdaltonlaw.com

Steven M. Phillips, Esq. (Counsel for Bensons)
Anthony Ostlund Baer & Louwagic, P.A.
3600 Wells Fargo Center
900 South Seventh Street
Minneapolis, MN 55402
Tel: 612-492-8212
Fax: 612-349-6996
Email: sphillips@aoblaw.com

Patrick Walsk, Esq.
FINRA Dispute Resolution
55 W. Monroe Street, Suite 2600
Chicago, IL 60603
Tel: 312-899-4440
Fax: 301-527-4855
Email: patrick.walsh@finra.org

IT IS SO ORDERED.

Signed this 28th day of December, 2010.

Royal Furgeson
Senior United States District Judge