THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAY 5 2011

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| BILLITTERI v. SECURITIES AMERICA, INC., *et al.* (*Provident Royalties Litigation*) | 3:09-cv-01568-F AND RELATED CASES |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |
| C. RICHARD TOOMEY, *et al.* v. SECURITIES AMERICA, INC., *et al.* | 3:10-cv-01833-F |
| IN RE: MEDICAL CAPITAL SECURITIES LITIGATION | Case No. ML 10-2145 DOC (RNBx) (C.D. Cal.) |
| THIS DOCUMENT RELATES TO: *McCoy*, SACV09-1084 DOC (RNBx) (C.D. Cal.) | Limited transfer for settlement purposes as Case No. 3-11-cv-00191-F (N.D. Tex.) |

**ORDER
(1) PRELIMINARILY CERTIFYING
CLASSES FOR SETTLEMENT PURPOSES,
(2) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,
AND (3) APPROVING CLASS NOTICE**

BEFORE THE COURT is a Motion for Preliminary Approval of Class Action Settlement (*Billitteri* Docket No. 424, *Toomey* Docket No. 104, *McCoy* Docket No. 260), filed on April 18, 2011. For the reasons stated below, it is ORDERED that the Motion for Preliminary Approval is GRANTED.[1]

---

[1]   This resolves *Billitteri* Docket No. 424, *Toomey* Docket No. 104, and *McCoy* Docket No. 260.

WHEREAS, Representative Plaintiffs,[2] on behalf of Settling Plaintiffs, and Settling Defendants Securities America, Inc. ("SAI"), Securities America Financial Corporation ("SAFC"), and Ameriprise Financial, Inc. ("Ameriprise") in the above-captioned Class Actions entered into a Settlement Agreement which is subject to the provisions of Rule 23 of the Federal Rules of Civil Procedure and sets forth the terms and conditions for the Settlement of the Class Actions as against Settling Defendants and the release of Releasees; and the Court having read and considered the Settling Plaintiffs' Motion for Preliminary Approval, as well as the Settlement Agreement and the accompanying documents; the Settling Parties having consented to the entry of this Order; and the Court having heard argument regarding preliminary approval on April 29, 2011,

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of May, 2011 that:

1.     Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court preliminarily certifies the following Settlement Classes:

(a)     **Provident Settlement Class**: all Investors, their successors and assigns, who purchased Provident Securities from SAI and were damaged thereby.   The Provident Settlement Class excludes:   the Defendants; any entity that is a parent or subsidiary of any Defendant; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Defendant; all Registered Representatives; Provident Royalties, LLC and its affiliates; any entity that is a parent or subsidiary of any Provident Entity; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Provident Entity; any putative members of the Provident Settlement Class who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; any putative members of the Provident Settlement Class who enter into the Arbitration Settlement; and any putative members of the Provident Settlement Class who have previously executed a release of claims

---

[2]     Unless otherwise stated, all capitalized terms used herein have the meanings defined in the Settlement Agreement.

against Settling Defendants.

(b)    **Medical Capital Settlement Class**:    all Investors, their successors and assigns, who purchased Medical Capital Notes from SAI and were damaged thereby.   The Medical Capital Settlement Class excludes:   the Defendants; any entity that is a parent or subsidiary of any Defendant; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Defendant; all Registered Representatives; Medical Capital Holdings, Inc. and its affiliates; any entity that is a parent or subsidiary of Medical Capital; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of Medical Capital; any putative members of the Medical Capital Settlement Class who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; any putative members of the Medical Capital Settlement Class who enter into the Arbitration Settlement; and any putative members of the Medical Capital Settlement Class who have previously executed a release of claims against Settling Defendants.

2.     In the Provident Class Actions, Representative Plaintiffs assert claims under Section 33(A)(2) and 33(F)(1) of the Texas Securities Act, for breach of fiduciary duty, for violation of Sections 12(a)(1), 12(a)(2) and 15 of the Securities Act of 1933, and for violation of the Idaho Uniform Securities Act, I.C. §§ 30-14-509, 30-14-301, and the Idaho Consumer Protection Act, § 48-601, *et seq.* Representative Plaintiffs allege that Settling Defendant SAI offered and sold Provident Securities by means of untrue statements and omissions of material facts in the offering documents for those securities.   Representative Plaintiffs also allege that Settling Defendant SAI breached its fiduciary duties to members of the Provident Settlement Class by failing to conduct reasonable due diligence of the Provident Entities, failing to disclose that the offering documents misrepresented or omitted material facts, and failing to conduct proper due diligence.   Representative Plaintiffs further allege that Settling Defendants SAFC and Ameriprise are liable as control persons of SAI.   For purposes of the Settlement, the Court preliminarily certifies these claims for class action treatment.

3.    In the Medical Capital Class Action, Representative Plaintiffs assert claims for violations of Sections 12(a)(1), 12(a)(2) and 15 of the Securities Act of 1933 and negligence arising out of the offering and sale of Medical Capital Notes.  Representative Plaintiffs allege that Settling Defendant SAI offered and sold Medical Capital Notes in violation of the registration requirements of the Securities Act of 1933 and by means of untrue statements and omissions of material facts in the offering documents.  Representative Plaintiffs also allege that Settling Defendant SAI was negligent in its offer and sale of Medical Capital Notes. Representative Plaintiffs further allege that Settling Defendants SAFC and Ameriprise are liable as control persons of SAI.  For purposes of the Settlement, the Court preliminarily certifies these claims for class action treatment.

4.    The Court preliminarily finds that the prerequisites for maintaining a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied for both Settlement Classes in that:  (a) the number of Settlement Class Members for each of the Settlement Classes is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to each of the Settlement Classes; (c) the claims of Representative Plaintiffs are typical of the claims of the members of each of the respective Settlement Classes they seek to represent; and (d) Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Classes.

5.    The Court further finds that the prerequisites for maintaining a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have been preliminarily satisfied for both Settlement Classes in that Representative Plaintiffs have demonstrated that: (a) common questions predominate over individual questions; and (b) that a class action is a superior method to adjudicating the claims raised in the Provident Class Actions and the Medical Capital Class Action.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Representative Plaintiffs Joseph Billitteri and Sharon Kreindel Revocable Trust DTD 02/09/2005 are preliminarily appointed as the class representatives for the Provident

Settlement Class, and Representative Plaintiffs Henry Mitchell, Alvin Sabroff, and June Sabroff are preliminarily appointed as the class representatives for the Medical Capital Settlement Class.

7.      Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby preliminarily appoints the law firms of Girard Gibbs LLP and Zwerling, Schachter & Zwerling, LLP as Settlement Class Counsel.

8.      The Court preliminarily concludes that the Settlement was negotiated in good faith and is fair, reasonable and adequate, subject to proof to this Court's satisfaction in connection with Final Approval. *See* FED. R. CIV. P. 23(e).  Accordingly, the Court hereby preliminarily approves the Settlement.

9.      The Court reserves the authority to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the authority to enter its Order of Final Settlement Approval and Judgment approving the Settlement Agreement and dismissing the Released Claims against Settling Defendants on the merits and with prejudice regardless of whether it has awarded attorneys' fees and expenses.

10.     A Fairness Hearing (which, from time to time, and without further notice to the Settlement Classes, may be continued or adjourned by order of this Court) will be held by this Court on **July 25, 2011 at 2 p.m.** for the following purposes:

(a)      to finally determine whether the Settlement Classes satisfy the applicable prerequisites for class action treatment under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)      to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine whether the Order of Final Settlement Approval and Judgment, substantially in the form attached as Exhibit A should be entered;

(d)      to determine whether the proposed plan of allocation of the Settlement Fund to be set forth in the Notice is fair and reasonable, and should be approved by the Court;

(e)    to consider any petition for attorneys' fees and costs submitted by Plaintiffs' Class Counsel and any other person claiming an entitlement to fees from the Settlement Fund, provided, however that Plaintiffs' Class Counsel shall not seek an award of attorneys' fees as to any portion of the Settlement Fund allocable to the PR Liquidating Trust; and

(f)    to rule upon such other matters as the Court may deem appropriate.

11.    The Court approves the substance and requirements of the Notice, substantially in the form attached as Exhibit B.

12.    No later than ten business days from the entry of this order, Settlement Class Counsel shall mail, or cause to be mailed, the Notice to each Settlement Class Member at the last known address for such Person in SAI's records or in the records of Provident Royalties Receiver Dennis L. Roossien and Medical Capital Holdings Receiver Thomas W. Seaman. Notice costs shall be paid or reimbursed from the Settlement Fund.

13.    Mailing of the Notice, as described herein, constitutes the best notice practicable under the circumstances and is due and sufficient notice of the matters set forth in the Notice to all Settlement Class Members, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

14.    As required by the Class Action Fairness Act, 28 U.S.C. §1715, Settling Defendants will provide, in the event they have not done so as of the date of this order, notice of Settlement to the appropriate federal and state officials.

15.    The Court will consider comments in support of or in opposition to the Settlement, the plan of allocation, or fee and cost petitions only if such comments and any supporting papers are in writing, signed and filed with the Clerk of the Court, United States District Court, 1100 Commerce Street, Dallas, TX 75242-1001, and copies of all such papers are served, on or before **June 24, 2011**, upon each of the following:  Daniel C. Girard, Esq., Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, California 94108, and Susan Salvetti, Esq., Zwerling, Schachter & Zwerling, LLP, 41 Madison Avenue, New York, NY

10010, on behalf of Settling Plaintiffs; and Peter W. Carter, Esq. Dorsey & Whitney LLP, 50 South Street, Suite 1500, Minneapolis, MN 55402-1498, and Nicholas T. Christakos, Esq., Sutherland Asbill & Brennan LLP, 1275 Pennsylvania Avenue, NW, Washington, DC 20004, on behalf of Settling Defendants and the other Releasees. Any replies thereto shall be filed and served no later than **July 18, 2011**. Service on any party or counsel not registered with the Court's Electronic Case Filing System may be made by overnight delivery, facsimile or electronic mail.

16.     Any person who fails to object in the manner or by the date specified herein shall be deemed to have waived all objections, shall not be heard at the Fairness Hearing, and shall forever be barred from making any such objection(s) to the Settlement, in any appeal from the Final Order approving the Settlement, or in any other action or proceeding.

17.     Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally with respect to the approval of the Settlement, the plan of allocation, and/or the fee and cost petitions are required to indicate in their written comments their intention to appear at the Fairness Hearing. Persons who intend to object to the Settlement, the plan of allocation, and/or the fee and costs petitions and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. Settlement Class Members do not need to appear at the hearing or take any action to indicate their approval. To appeal any part of the order approving the Settlement as fair, reasonable and adequate, or to the award of reasonable attorney's fees and expenses, a Settlement Class Member must appear in person, or through his or her attorney, or seek leave of Court excusing such appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at the Fairness Hearing.

18.     Nothing in this Order shall stay or enjoin any proceedings by members of the Settlement Classes against any Non-Settling Defendant or other third party.

19.     All parties are hereby notified that Final Approval would result in the dismissal, with prejudice, of the Released Claims.

20.     If:  (a) the Settlement is terminated pursuant to section VIII.G of the Settlement Agreement; (b) any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied  and the satisfaction of such condition is not waived in writing by Settlement Class Counsel and counsel for Settling Defendants; (c) the Court rejects, in any respect, the Order of Final Settlement Approval and Judgment in substantially the form and content annexed to the proposed Preliminary Approval and Notice Order, and/or Settlement Class Counsel and counsel for Settling Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Settlement Agreement, including any amendment thereto approved by Settlement Class Counsel and counsel for Settling Defendants; or (e) the Court approves the Settlement Agreement, including any amendment thereto approved by Settlement Class Counsel and counsel for Settling Defendants, but such approval is reversed on appeal and the Effective Date does not occur, then, in any such event, the Settlement Agreement, including any amendment(s) thereto, and this Preliminary Approval and Notice Order certifying the Settlement Classes for purposes of the Settlement shall be cancelled and terminated, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Settling Party and Releasee shall be restored to his, her or its respective position as it existed immediately prior to the execution of the Settlement Agreement.

21.     The Court retains exclusive jurisdiction over the Class Actions, the Settling Plaintiffs, and Settling Defendants to consider all further matters arising out of or connected with the Settlement.

Dated: _May 05, 2011_

_Royal Furgeson_

The Honorable W. Royal Furgeson, Jr.
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| BILLITTERI v. SECURITIES AMERICA, INC., *et al.* (*Provident Royalties Litigation*) | : : : : | 3:09-cv-01568-F AND RELATED CASES |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : | |
| C. RICHARD TOOMEY, *et al.* v. SECURITIES AMERICA, INC., *et al.* | : : : : | 3:10-cv-01833-F |
| IN RE: MEDICAL CAPITAL SECURITIES LITIGATION | : : : : | Case No. ML 10-2145 DOC (RNBx) (C.D. Cal.) |
| THIS DOCUMENT RELATES TO: *McCoy*, SACV09-1084 DOC (RNBx) (C.D. Cal.) | : : : : | Limited transfer for settlement purposes as Case No. 3-11-cv-00191-F (N.D. Tex.) |

## [PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL AND JUDGMENT

On the 25th day of July, 2011, the Court[1] held a hearing to determine: (1) whether the terms and conditions of the Settlement Agreement entered into by Representative Plaintiffs, on behalf of the Settlement Classes, and Settling Defendants Securities America, Inc. ("SAI"), Securities America Financial Corporation ("SAFC") and Ameriprise Financial, Inc. ("Ameriprise") (collectively, "Settling Defendants"), dated April 15, 2011 are fair, reasonable and adequate for the Settlement of all Claims asserted by the Settling Plaintiffs against Settling Defendants in the above-captioned Class Actions, including the release of the Releasees, and should be approved; (2) whether judgment should be entered dismissing the Released Claims alleged against Settling Defendants in the Class Actions on the merits and with prejudice in favor of Settling Defendants only, and as against Settlement Class Members; (3) whether to approve the plan of allocation as a fair and reasonable method to allocate the Settlement Fund among the Settlement Class Members; and (4) whether and in what amount to award fees and reimbursement of expenses to Plaintiffs' Class Counsel and any other person claiming an entitlement to fees from the Settlement Fund. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Settlement Class Members; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Class Actions,

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and unless otherwise noted, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

Representative Plaintiffs, all Settlement Class Members, and Releasees.

2.      Pursuant to Rule 23(a) and Rule 23(b)(3) of the FED. R. CIV. P., and for the purposes of the Settlement only, two settlement classes are hereby certified as follows:

(a)      **Provident Settlement Class**: all Investors, their successors and assigns, who purchased Provident Securities from SAI and were damaged thereby.   The Provident Settlement Class excludes:  the Defendants; any entity that is a parent or subsidiary of any Defendant; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Defendant; all Registered Representatives; Provident Royalties, LLC and its affiliates; any entity that is a parent or subsidiary of any Provident Entity; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Provident Entity; any putative members of the Provident Settlement Class who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; any putative members of the Provident Settlement Class who enter into the Arbitration Settlement; and any putative members of the Provident Settlement Class who have previously executed a release of claims against Settling Defendants.

(b)      **Medical Capital Settlement Class**: All Investors, their successors and assigns, who purchased Medical Capital Notes from SAI and were damaged thereby.   The Medical Capital Settlement Class excludes:  the Defendants; any entity that is a parent or subsidiary of any Defendant; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Defendant; all Registered Representatives; Medical Capital Holdings, Inc. and its affiliates; any entity that is a parent or subsidiary of Medical Capital; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of Medical Capital; any putative members of the Medical Capital Settlement Class who

exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; any putative members of the Medical Capital Settlement Class who enter into the Arbitration Settlement; and any putative members of the Medical Capital Settlement Class who have previously executed a release of claims against Settling Defendants.

3.      In the Provident Class Actions, Representative Plaintiffs assert claims under Section 33(A)(2) and 33(F)(1) of the Texas Securities Act, for breach of fiduciary duty, for violation of Sections 12(a)(1), 12(a)(2) and 15 of the Securities Act of 1933, and for violation of the Idaho Uniform Securities Act, I.C. §§ 30-14-509, 30-14-301, and the Idaho Consumer Protection Act, § 48-601, *et seq.* Representative Plaintiffs allege that Settling Defendant SAI offered and sold Provident Securities by means of untrue statements and omissions of material facts in the offering documents for those securities. Representative Plaintiffs also allege that Settling Defendant SAI breached its fiduciary duties to members of the Provident Settlement Class by failing to conduct reasonable due diligence of the Provident Entities, failing to disclose that the offering documents misrepresented or omitted material facts, and failing to conduct proper due diligence. Representative Plaintiffs further allege that Settling Defendants SAFC and Ameriprise are liable as control persons of SAI. For purposes of the Settlement, the Court certifies these claims for class action treatment.

4.      In the Medical Capital Class Action, Representative Plaintiffs assert claims for violations of Sections 12(a)(1), 12(a)(2) and 15 of the Securities Act and negligence arising out of the offering and sale of Medical Capital Notes. Representative Plaintiffs allege that Settling Defendant SAI offered and sold Medical Capital Notes in violation of the registration requirements of the Securities Act and by means of untrue statements and omissions of material facts in the offering documents. Representative Plaintiffs also allege that Settling Defendant SAI

was negligent in its offer and sale of Medical Capital Notes. Representative Plaintiffs further allege that Settling Defendants SAFC and Ameriprise are liable as control persons of SAI. For purposes of the Settlement, the Court certifies these claims for class action treatment.

5.     The Court finds that the prerequisites for maintaining a class action under Rule 23(a) of FED. R. CIV. P. have been satisfied for both Settlement Classes in that: (a) the number of Settlement Class Members for each of the Settlement Classes is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to each of the Settlement Classes; (c) the claims of Representative Plaintiffs are typical of the Claims of the members of each of the respective Settlement Classes they seek to represent; and (d) Representative Plaintiffs will fairly and adequately represent the interests of each of the Settlement Classes.

6.     The Court further finds that the prerequisites for maintaining a class action under Rule 23(b)(3) of FED. R. CIV. P. have been satisfied in that Representative Plaintiffs have presented evidence that common questions predominate over individual questions and that a class action is a superior method of adjudicating the claims asserted in each of the Provident Class Action and the Medical Capital Class Action.

7.     Pursuant to Rule 23 of FED. R. CIV. P., and for the purposes of the Settlement only, Representative Plaintiffs Joseph Billitteri and Sharon Kreindel Revocable Trust DTD 02/09/2005 are appointed as the class representatives for the Provident Settlement Class, and Representative Plaintiffs Henry Mitchell, and June and Alvin Sabroff are appointed as the class representatives for the Medical Capital Settlement Class.

8.     Having considered the factors described in Rule 23(g)(1) of the FED. R. CIV. P., the Court hereby appoints the law firms of Girard Gibbs LLP and Zwerling, Schachter &

Zwerling, LLP as Settlement Class Counsel.

9.      Notice of the pendency of the Class Actions and of the Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Classes of the pendency of the Class Actions and of the terms and conditions of the Settlement met the requirements of Rule 23 of FED. R. CIV. P., due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

10.     The notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, have been provided.

11.     The Settlement is approved pursuant to Rule 23(e) of FED. R. CIV. P. and confirmed as being fair, adequate and reasonable under the circumstances, particularly given the risks of continued litigation against Settling Defendants.

12.     The Settling Parties are directed to consummate the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement.

13.     All Claims (whether known or unknown), that have been or could have been asserted by, on behalf of, or for the benefit of, or in the name of any Settlement Class Member, whether brought in state or federal court or any other forum, against Releasees, directly or indirectly, based upon, arising out of, or related to: (i) an investment or interest in one or more of the Provident Securities or Medical Capital Notes, or (ii) the facts, transactions, events, occurrences, acts, or omissions that relate to any of the matters alleged in the Class Actions, are fully and finally released, relinquished and discharged.

14.     All Released Claims are dismissed with prejudice and without costs to any

Settling Party as against any other Settling Party, except as provided in the Settlement Agreement and this Order of Final Settlement Approval and Judgment. The Releasees[2] are released from any and all liability as to the Released Claims, such that any and all Claims filed by, on behalf of, for the benefit of, or in the name of, any Settlement Class Member(s) in any forum against Releasees are or shall be dismissed with prejudice to the extent they assert the Released Claims.

15.    Releasees hereby release any and all claims they had or have against any Representative Plaintiff, Settlement Class Member, or Plaintiffs' Class Counsel based upon, arising out of, or relating to the institution and prosecution of the Class Actions or any other matter concerning the Settlement Class Member's investment or interest in the Provident Securities or Medical Capital Notes, and hereby dismiss all such claims with prejudice and without costs to any Settling Party as against any other Settling Party or Releasee.

16.    Releasees, and any other persons purporting to act in the name or on behalf of any Releasee, are barred and permanently enjoined from prosecuting, commencing or continuing against any Settlement Class Member any and all claims that they had or have based upon, arising out of, or relating to the institution and prosecution of the Class Actions or any other matter concerning the Settlement Class Member's investment or interest in Provident Securities or Medical Capital Notes.

---

[2] As defined in the Settlement Agreement, "Releasees" means Settling Defendants and their affiliates and subsidiaries along with each of their current and former officers, directors, agents, registered investment advisors, and employees, including SAI's Registered Representatives. Also as defined in the Settlement Agreement, "Registered Representatives" means natural persons registered with FINRA as Settling Defendant SAI's current and former registered representatives or associated persons, including any entity (whether a corporation, partnership, or other business entity) through which any of them conducted their business, acting in their capacities as such in connection with the offer and sale of Provident Securities or Medical Capital Notes to Settling Plaintiffs.

17.    All claims for contribution, indemnification, or reimbursement, however denominated, against Settling Defendants arising under federal or state law, including those based in tort, contract or statute, or any other body of law, including such claims brought by the Non-Settling Defendants or any other third party, that allege Settling Defendants are joint tortfeasors, wrongdoers, or otherwise at fault or liable, in connection with the Released Claims, are extinguished, discharged, satisfied, barred, enjoined and/or otherwise unenforceable.

18.    All claims by Settling Defendants for contribution, indemnification, or reimbursement, however denominated, against the Non-Settling Defendants, or any other third party arising under federal or state law, including those based in tort, contract or statute, or any other body of law, that allege the Non-Settling Defendants or any other third party are a joint tortfeasor, wrongdoer, or otherwise at fault or liable, in connection with the Released Claims, are extinguished, discharged, satisfied, barred, enjoined and/or otherwise unenforceable.

19.    Any Non-Settling Defendant or any other third party alleged to be a joint tortfeasor, wrongdoer, or otherwise at fault or liable, in connection with the Released Claims, whose right to pursue a claim for contribution, indemnification, or reimbursement, however denominated, is barred by Section VIII.C.11 of the Settlement Agreement shall be entitled to an appropriate judgment reduction.  The right of any other person to an appropriate judgment reduction, if any, is unaffected by Paragraphs 17 through 19 of this Order of Final Settlement Approval and Judgment.

20.    Neither this Order of Final Settlement Approval and Judgment, the Settlement Agreement, nor any document referred to therein, nor any action taken to implement the Settlement Agreement is, may be construed as, or may be used as: (a) an admission by or against Settling Defendants of any fault, wrongdoing or liability whatsoever; or (b) an admission by or

against the Settling Plaintiffs that any of their claims are without merit or that recoverable damages do not exceed the Settlement Fund specified in the Settlement Agreement.

21.    The plan of allocation is approved as fair and reasonable, and the parties are directed to administer the Settlement in accordance with its terms and provisions.

22.    The Court finds that: (a) there is no evidence of collusion, fraud, or tortious conduct by any of the Settling Parties or their counsel aimed at causing injury to the interests of the Non-Settling Defendants, any potential defendants, or others; (b) the Settlement has been entered into in good faith; and (c) all Settling Parties and their counsel have complied with the requirements of Rule 11 of Fed. R. Civ. P. at all times as to all proceedings herein.

23.    The Court will address the applications for payment of attorneys' fees and reimbursement of expenses in a separate order.

24.    This Court reserves exclusive jurisdiction, without affecting the finality of the judgment entered, over: (a) implementation of this Settlement and distribution of the Net Provident Settlement Fund and Net Medical Capital Settlement Fund to Settlement Class Members; (b) the fee and cost petitions; (c) the Class Actions and the Released Claims until the judgment contemplated hereby has become Effective and each and every act agreed to be performed by the Settling Parties shall have been performed pursuant to this Settlement Agreement; (d) enforcement of the bar orders and releases set forth in paragraphs 12-17; (e) all Settling Parties for the purpose of enforcing and administering this Settlement Agreement; and (f) Non-Settling Defendants in connection with continuing prosecution of the Reserved Claims.

25.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

26.    There is no just reason for delay in the entry of this Order of Final Settlement

Approval and Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of FED. R. CIV. P.


Dated: _____          _____
                                 The Honorable W. Royal Furgeson, Jr.
                                 SENIOR UNITED STATES DISTRICT JUDGE

**EXHIBIT B**

**Notice Administrator for U.S. District Court**

John Q. Investor

P.O. Box. 0000
City, ST  00000-0000

Dear Mr. Investor:

You are listed as an investor who bought stock or partnership interests in Provident Energy or Shale Royalties or notes issued by special purpose corporations affiliated with Medical Capital Holdings, Inc. Enclosed is a notice about the settlement of class action lawsuits called *Billitteri v. Securities America, Inc. (Provident Royalties Litigation),* Case No. 3:09-cv-01568-F (N.D. Tex.); *Toomey v. Securities America, Inc.,* Case No. 3:10-cv-01833-F (N.D. Tex.); and *McCoy v. Cullum & Burks Securities, Inc. (In re Medical Capital Securities Litigation),* Case No. 3:11-cv-00191-F (N.D. Tex.) (together, the "Class Actions"). You may be eligible to receive a payment from the settlement, described in the enclosed notice in questions 8 and 9, or you may want to act on other legal rights. Important facts are highlighted below and explained in the notice.

**Provident Securities and Medical Capital Notes**
**Class Action Settlement with Securities America, Inc. ,**
**Securities America Financial Corporation and Ameriprise Financial, Inc.**

- **Provident Securities Sold by Securities America, Inc.:** Provident Energy 2, LP; Shale Royalties 6, Inc.; Shale Royalties 7, Inc.; Shale Royalties 9, Inc.; Shale Royalties 12, Inc.; Shale Royalties 15, Inc.; and Shale Royalties 20, Inc.

- **Medical Capital Notes Sold by Securities America, Inc.:** Medical Provider Financial Corporation I; Medical Provider Financial Corporation II; Medical Provider Financial Corporation III; Medical Provider Financial Corporation IV; and Medical Provider Funding Corporation V.

- **Time Period:** Provident Securities sold between September 2006 and January 2009; Medical Capital Notes sold between January 2004 and July 2008.

- **Reasons for Settlement:** Settlement avoids the costs and risks of continuing the lawsuits, especially given the complex legal and factual issues involved; pays money to investors like you; and releases Securities America, Inc., Securities America Financial Corporation, and Ameriprise Financial, Inc. (the "Defendants") and their current and former officers, directors, agents, registered investment advisors, employees and registered representatives from liability.  The Defendants have agreed to pay $80,000,000 to resolve the Class Actions.

- **If the Cases had not Settled:** The court would have decided whether the plaintiffs could pursue the cases as class actions on behalf of all Provident and Medical Capital investors and if plaintiffs had enough favorable evidence for a trial.  If the cases were to go to trial and the plaintiffs won, the parties agree that the plaintiffs could have obtained judgments for the total amount of money that class members invested, net of any return of investments they

received. The parties disagree, however, about whether the plaintiffs would win at trial, and it is possible that the plaintiffs would recover nothing. All parties recognize that there are uncertainties and risks in further litigating the cases.

- **Class Members:** Investors who purchased Provident Securities or Medical Capital Notes from Securities America may be members of one of the classes. For further information about whether you are a member of one of the classes, see questions 5-7 in the enclosed notice.

- **Exclusion Rights:** If you are a member of one or both of the classes, you have the right to exclude yourself as explained in the response to question 13 in the enclosed notice. If you do so, you will not receive any money from this settlement. If you remain a member of either of the classes, you will receive a payment made on a *pro rata* basis in proportion to the amounts each investor actually invested in Provident Securities and Medical Capital Notes, net of any return of investments they received.

- **Attorneys' Fees and Expenses:** Court-appointed attorneys for the investors will ask the Court for up to twenty-five percent of the $80 million settlement fund ($20 million) as fees for representing the plaintiffs and recovering the settlement, and up to $300,000 to reimburse expenses they incurred in the litigation (approximately 10 cents per dollar invested net of any return of investments). These attorneys have received no compensation for their services since the beginning of this litigation in 2009. The court may award less than these amounts. The attorneys' fees and expenses will be paid from the settlement fund and will reduce the total amount distributed to class members. For further information about the attorneys' fees, see the response to question 18 below.

- **Deadlines:**
  - **Exclusions:** June 24, 2011
  - **Comments in support of or objecting to the settlement:** June 24, 2011
  - **Court Hearing on fairness of the settlement:** July 25, 2011

- **More Information:** www.website.com or

*Settlement Administrator:*

**1-800-000-0000**

XYZ Settlement Administrator
P.O. Box 0000
City, ST  00000-0000

*Lawyers for Investors:*

Daniel C. Girard, Esq.
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, CA 94108

and

Susan Salvetti, Esq.
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue
New York, NY 10010

**More information is available in the enclosed notice.**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

# If you bought stock or partnership interests in Provident Energy or Shale Royalties or Medical Capital notes from Securities America, Inc., you could receive a payment from a class action settlement

### *A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement fund of $80,000,000 (approximately 40 cents per dollar invested net of any return of investments) will pay investors who bought stock or partnership interests in Provident Energy or Shale Royalties (the "Provident Securities") or notes issued by special purpose corporations affiliated with Medical Capital Holdings, Inc. (the "Medical Capital Notes") from Securities America, Inc.

- The settlement resolves lawsuits in which investors allege that Securities America offered and sold Provident Securities and Medical Capital Notes by means of Private Placement Memoranda and other sales materials that were false and misleading. Securities America denies that it did anything wrong. The settlement avoids the costs and risks to you of continuing the lawsuits; pays money to investors like you; and releases Securities America, Securities America Financial Corporation, and Ameriprise Financial, Inc. (the "Defendants") and their current and former officers, directors, agents, registered investment advisors and registered representatives from liability.

- Court-appointed attorneys for investors will ask the Court for up to twenty-five percent of the settlement fund as fees for representing the plaintiffs and recovering the settlement and approximately $300,000 to reimburse expenses they incurred in the litigation (approximately 10 cents per dollar invested net of any return of investments). These attorneys have undertaken the representation of the classes on an entirely contingent basis and have not been compensated for their services since the inception of this litigation in 2009.

- The Plaintiffs and Defendants disagree about whether the Plaintiffs would be able to pursue the cases as class actions on behalf of all Provident and Medical Capital investors. The Plaintiffs and Defendants also disagree about whether the Plaintiffs would have enough evidence to proceed to trial and, if there was a trial, whether the Plaintiffs would win. Both sides recognize that there are risks and uncertainties in further litigating the Class Actions.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **Object or Comment** | Write to the court about why you do or do not like the settlement. |
| **Go to a Hearing** | Ask to speak to the court about the fairness of the settlement. |
| **Do Nothing** | If the settlement is approved, receive a payment and release your rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The court has to decide whether to approve the settlement. Payments will be made if the court approves the settlement and after appeals are resolved. Please be patient.

## What This Notice Contains

**BASIC INFORMATION** ................................................................................................................. PAGE 3
1.      Why did I receive this notice?
2.      What are these lawsuits about?
3.      Why are these cases class actions?
4.      Why is there a settlement?

**WHO IS IN THE SETTLEMENT**................................................................................................ PAGE 4
5.      How do I know if I am part of the settlement?
6.      Are there exceptions to being included?
7.      I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE** .......................................................... PAGE 5
8.      What does the settlement provide?
9.      How much will my payment be?

**HOW YOU RECEIVE A PAYMENT – YOU DO NOT NEED TO SUBMIT A CLAIM FORM** ........................ PAGE 5
10.     How can I receive a payment?
11.     When would I receive my payment?
12.     What am I giving up to receive a payment or stay in the class?

**YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT**.................................................... PAGE 6
13.     How do I exclude myself from the class and the settlement?
14.     Why would I ask to be excluded?
15.     If I don't exclude myself, can I sue Securities America, Securities America Financial,
        or Ameriprise for the same thing later?
16.     If I exclude myself, will I receive a payment from this settlement?

**THE LAWYERS REPRESENTING YOU** .................................................................................. PAGE 7
17.     Do I have a lawyer in this case?
18.     How will the lawyers be paid?

**COMMENTING ON THE SETTLEMENT** ................................................................................ PAGE 7
19.     How do I tell the Court what I think about the settlement?
20.     What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING**..................................................................................... PAGE 8
21.     When and where will the Court decide whether to approve the settlement?
22.     Do I have to come to the fairness hearing?
23.     May I speak at the fairness hearing?

**IF YOU DO NOTHING** ........................................................................................................ PAGE 9
24.     What happens if I do nothing?

**GETTING MORE INFORMATION**......................................................................................... PAGE 9
25.     Are there more details about the settlement?
26.     How do I get more information?

## BASIC INFORMATION

**1. Why did I receive this notice?**

You or someone in your family may have purchased stock or partnership interests in Provident Energy or Shale Royalties or notes issued by special purpose corporations affiliated with Medical Capital Holdings, Inc. from Securities America.

You received this notice because you have a right to know about a proposed settlement of class action lawsuits and all of your options before the court decides whether to approve the settlement. If the court approves the settlement, and after objections and appeals, if any, are resolved, an administrator appointed by the court will make the payments that the settlement allows.

This notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The court in charge of the cases is the United States District Court for the Northern District of Texas. The cases are called *Billitteri v. Securities America, Inc. (Provident Royalties Litigation)*, Case No. 3:09-cv-01568-F (N.D. Tex.); *Toomey v. Securities America, Inc.*, Case No. 3:10-cv-01833-F (N.D. Tex.); and *McCoy v. Cullum & Burks Securities, Inc. (In re Medical Capital Securities Litigation)*, Case No. 3:11-cv-00191-F (N.D. Tex.). The people who sued are called Plaintiffs, and the companies they sued, including Securities America, Inc., Securities America Financial Corporation, and Ameriprise Financial, Inc., are called the Defendants.

**2. What are these lawsuits about?**

These lawsuits allege that Securities America and other broker-dealers violated federal and state securities laws, were negligent, and breached their fiduciary duties to investors who purchased Provident Securities or Medical Capital Notes. Ameriprise Financial, Inc. has been sued in its capacity as the parent company of Securities America.

The Provident Securities were a series of private offerings in shale gas ventures. Securities America sold the following offerings from September 2006 to January 2009: Provident Energy 2, LP; Shale Royalties 6, Inc.; Shale Royalties 7, Inc.; Shale Royalties 9, Inc.; Shale Royalties 12, Inc.; Shale Royalties 15, Inc.; and Shale Royalties 20, Inc.

The Medical Capital Notes were purportedly issued to provide financing to healthcare providers by purchasing their accounts receivable and making loans to them. Securities America sold the following offerings from January 2004 to July 2008: Medical Provider Financial Corporation I; Medical Provider Financial Corporation II; Medical Provider Financial Corporation III; Medical Provider Financial Corporation IV; and Medical Provider Funding Corporation V.

The lawsuits claim that Securities America and other broker-dealers offered and sold Provident Securities and Medical Capital Notes by means of Private Placement Memoranda and other sales materials that were false and misleading. The Defendants deny they did anything wrong.

### 3. Why are these cases class actions?

In a class action, one or more people called the Representative Plaintiffs sue on behalf of people who have similar claims. All these people are a class or class members. One court resolves the issues for all class members. The Representative Plaintiffs in the Provident class actions are Joseph Billitteri and the Sharon Kreindel Revocable Trust DTD 02/09/2005. The Representative Plaintiffs in the Medical Capital class action are Henry Mitchell, Alvin Sabroff and June Sabroff. U.S. District Judge W. Royal Furgeson, Jr. is in charge of the Provident class actions and is in charge of the Medical Capital class action for settlement purposes.

### 4. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendants. If the litigation continues, the court will have to decide whether the Plaintiffs could pursue the cases as class actions on behalf of all Provident and Medical Capital investors and if the Plaintiffs have enough favorable evidence for a trial. If the cases were to go to trial and Plaintiffs won, the parties agree that the Plaintiffs could have obtained judgments for the total amount of money that class members invested, net of any return of investments they received. The parties disagree, however, about whether the Plaintiffs would win at trial, and it is possible that the Plaintiffs would recover nothing, either because the Defendants prevail or because a judgment against one or more of the Defendants could not be collected. The settlement avoids the cost, risks and uncertainties of continuing with the litigation, and ensures that the investors who lost money on these investments will recover a portion of their losses. The Representative Plaintiffs and their attorneys believe the settlement is in the bests interests of all class members.

This settlement only resolves claims by investors who purchased Provident Securities or Medical Capital Notes from Securities America. The settlement does not resolve claims by investors who purchased Provident Securities or Medical Capital Notes from any other broker-dealer.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a class member.

### 5. How do I know if I am part of the settlement?

Judge Furgeson decided that everyone who fits either of the following descriptions is a class member:

- The Provident Class: *All investors, their successors and assigns, who purchased Provident Energy 2, LP, Shale Royalties 6, Inc., Shale Royalties 7, Inc., Shale Royalties 9, Inc., Shale Royalties 12, Inc., Shale Royalties 15, Inc., and Shale Royalties 20, Inc. from Securities America.*

- The Medical Capital Class: *All Investors, their successors and assigns, who purchased Medical Provider Financial Corporation I, Medical Financial Corporation II, Medical Provider Financial Corporation III, Medical Provider Financial Corporation IV, and Medical Provider Funding Corporation V from Securities America.*

### 6. Are there exceptions to being included?

Yes. You are **not** a class member if:

- You are an officer, director, affiliate, legal representative or registered representative of any of the Defendants; or

- You are an officer, director, affiliate or legal representative of Provident Royalties, LLC or Medical Capital Holdings, Inc., or their affiliates; or

- You exclude yourself by submitting a request for exclusion that complies with the requirements and deadline set forth in the response to question 13 below; or

- You have previously executed a release of claims against the Defendants; or

- You did not lose money on your investment in Provident Securities or Medical Capital Notes; or

- You commenced an arbitration on or before April 1, 2011 and have agreed to settle your claims in arbitration by executing a Confidential Individual Claimant Agreement.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are a class member, you can ask for free help.  You can call **1-800-000-0000** or visit **www.website.com** for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU RECEIVE

### 8. What does the settlement provide?

The Defendants will pay $80 million into a settlement fund.  The distribution of the settlement fund is described in the response to question 9 below.

### 9. How much will my payment be?

When the settlement is final, the settlement fund will be distributed on a *pro rata* basis to class members. After payment of administrative costs and any attorneys' fees and expenses awarded by the court, the settlement fund will be allocated proportionately between the Provident Class and the Medical Capital Class based upon the total amount of money invested by the members of each class net of any return of investment they received.  The members of each class will then receive payments in the same proportion as their lost principal investment bears to the total lost principal amount of class members in each respective class.  Provident Class members who assigned their claims to the PR Liquidating Trust will receive payments from the settlement as provided under the Plan of Liquidation.

Your share of the settlement fund will depend on the amount of your principal investment and the amount of any return of investment you received.  Your payment will not compensate you in full for your losses.  If all class members participate in the settlement, your payment will be approximately 40 cents for every dollar you invested, net of any return of investment you received, and less any attorneys' fees and costs the court awards.

## HOW YOU RECEIVE A PAYMENT—YOU DO NOT NEED TO SUBMIT A CLAIM FORM

### 10. How can I receive a payment?

You do not have to submit a claim form to receive a payment from the settlement.  If your address has changed since you purchased Provident Securities or Medical Capital Notes, update your contact information by sending an email with your full name, current address and telephone number to [Settlement Administrator] or by calling 1-800-000-000.

## 11. When would I receive my payment?

The court will hold a hearing on **July 25, 2011**, to decide whether to approve the settlement. If the court approves the settlement, your payment is expected to be distributed by the end of 2011. If a class member appeals from the order approving the settlement, your payment could be delayed for a year or more.

## 12. What am I giving up to receive a payment or stay in the class?

You must stay in the class to receive a payment when the settlement is final. By staying in the class, you will give up any right you have to sue, continue to sue, or be part of any other lawsuit, arbitration or administrative action against the Defendants, their affiliates or subsidiaries, or any of their current and former officers, directors, agents, registered investment advisors, employees and registered representatives regarding the legal issues in these cases. You will also be bound by the court's orders in this case, including the final judgment.

### YOU MAY EXCLUDE YOURSELF FROM THE SETTLEMENT

## 13. How do I exclude myself from the class and settlement?

Any request for exclusion from either of the classes must be in writing, and must be delivered by hand, overnight delivery service, or First Class Mail, postage pre-paid to the following address:

> XYZ Settlement Administrator – Exclusion Request
> P.O. Box 0000
> City, ST 00000-0000

The request for exclusion must be received at this address no later than **June 24, 2011**. The request for exclusion must be signed and must include the following information: (a) your name and the name of the purchasing entity if it is different, address, telephone number and, if applicable, e-mail addresses; and (b) the security you purchased, the number of the securities you purchased and the date of each purchase.

## 14. Why would I ask to be excluded?

If you want to sue the Defendants or participate in or benefit from another lawsuit, an arbitration or any other type of action against the Defendants based on your purchase of Provident Securities or Medical Capital Notes, you need to ask to be excluded from this class. If you exclude yourself from the class—which also means to remove yourself from the class and is sometimes called "opting out" of the class—you will not be eligible to receive any cash payment under this settlement. If you exclude yourself, you will not be legally bound by the court's orders in the case, including the final judgment.

If you start your own lawsuit or arbitration against the Defendants after you exclude yourself, you will have to hire and pay your own lawyer for that action, and you will have to prove your claims. If you do exclude yourself so you can start your own action against the Defendants, you should talk to your lawyer soon because your claims may be subject to a statute of limitations.

## 15. If I don't exclude myself, can I sue Securities America, Securities America Financial Corporation or Ameriprise Financial for the same thing later?

No. If you remain a member of either of the classes, you are giving up any right to sue the Defendants, their affiliates and subsidiaries, and any of their current and former officers, directors, agents, registered investment advisors, employees and registered representatives for the claims this settlement resolves

relating to your purchase of Provident Securities or Medical Capital Notes.

**16. If I exclude myself, will I receive a payment from this settlement?**

No. If you exclude yourself, you will not receive any payment from this settlement. But you may sue, continue to sue, or be part of a different lawsuit, arbitration or other action against the Defendants.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**

The court has appointed the law firms of Girard Gibbs LLP and Zwerling, Schachter & Zwerling, LLP to represent you and the other class members. These lawyers are called Class Counsel. You will not be charged directly for these lawyers. Their fees will be paid from the settlement fund in an amount to be approved by the court, as described in the response to question 18 below. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18. How will the lawyers be paid?**

From the inception of the litigation in 2009 to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the court to approve the settlement, Class Counsel will also ask the court to approve a payment of twenty-five percent of the settlement fund for attorneys' fees, except that Class Counsel will not seek attorneys' fees for any portion of the settlement allocable to the PR Liquidating Trust. Class Counsel will request attorneys' fees of approximately $18.5 million. Attorneys' fees attributable to the portion of the settlement fund allocable to the PR Liquidating Trust will be paid pursuant to the terms of the Plan of Liquidation. Class Counsel will also ask the court to approve payment of approximately $300,000 for a portion of the expenses they have incurred. The court will decide whether to approve these payments and may award less than these amounts. These amounts will be paid from the settlement fund and will reduce the total amount of the fund distributed to class members. In addition, Class Counsel will ask the court to approve payment to the settlement administrator of reasonable costs for administering the settlement under the court's supervision. Class Counsel anticipate that these administration costs will not exceed $60,000. The will also be paid from the settlement fund.

## COMMENTING ON THE SETTLEMENT

You may tell the court that you agree or do not agree with the settlement or any part of it.

**19. How do I tell the Court what I think about the settlement?**

If you are a member of one of the classes, you can submit a comment in support of or objecting to the settlement. You can give reasons why you think the court should or should not approve it. The court will consider your views. To submit a comment, you must send a letter that includes the name of one of these cases—*Billitteri v. Securities America, Inc. (Provident Royalties Litigation)* or *McCoy v. Cullum & Burks Securities, Inc. (In re Medical Capital Securities Litigation)*—your name, address and telephone number, your signature, the name and amount of Provident Securities or Medical Capital Notes you purchased, and the reasons you support or object to the settlement.

If you do not present your views in writing in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have. To appeal any part of the order approving the settlement as fair, reasonable and adequate, or the award of attorneys' fees and expenses

awarded to Class Counsel, you must appear in person or through your attorney, or seek leave of court excusing your appearance prior to the fairness hearing.

Mail your comment to these three different places so it is received no later than **June 24, 2011**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court | Daniel C. Girard, Esq. | Nicholas T. Christakos, Esq. |
| United States District Court | Girard Gibbs LLP | Sutherland Asbill & Brennan LLP |
| for the Northern District of Texas | 601 California Street | 1275 Pennsylvania Avenue, NW |
| 1100 Commerce Street, | 14th Floor | Washington, DC 20004 |
| Room 1475 | San Francisco, CA 94108 | |
| Dallas, TX 75242 | | – and – |
| | – and – | |
| | | Peter W. Carter, Esq. |
| | Susan Salvetti, Esq. | Dorsey & Whitney LLP |
| | Zwerling, Schachter & Zwerling, LLP | 50 South Street, Suite 1500 |
| | 41 Madison Avenue | Minneapolis, MN 55402 |
| | New York, NY 10010 | |

## 20. What is the difference between objecting and excluding?

Objecting is simply telling the court that you are opposed to the settlement. You can object only if you stay in the class. Excluding yourself is telling the court that you don't want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The court will have a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

## 21. When and where will the Court decide whether to approve the settlement?

The court will have a fairness hearing on **July 25, 2011**. at 2 p.m. at the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242. At this hearing, the court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the court will consider them. The court will listen to people who have asked to speak at the hearing. The court may also decide how much to pay in fees and expenses to the court-appointed attorneys for the classes. After the hearing, the court will decide whether to approve the settlement. We do not know how long these decisions will take. The court may change the time or date for the fairness hearing without further notice. If you wish to attend the fairness hearing and would like to know if the date and time of the hearing have changed, you may contact Class Counsel.

## 22. Do I have to come to the fairness hearing?

No. Class Counsel will answer any questions the court may have. You may attend at your own expense or you can pay your lawyer to attend, but it is not necessary. If you send a comment, you do not have to come to court to talk about it. As long as you mailed your written comment on time, the court will consider it. If you do not present your views in writing in compliance with these procedures by the deadline, your views will not be considered, and you will waive any objections you have.

You may ask the court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Billitteri v. Securities America, Inc., et al. (Provident Securities Litigation)" or "Notice of Intention to Appear in McCoy v. Cullum & Burks Securities, Inc. (In re Medical Capital Securities Litigation)." You must include your name, address and telephone number, and your signature. You must also list any witnesses you may call to testify and exhibits you intend to introduce into evidence at the hearing. Your Notice of Intention to Appear must be received no later than **June 24, 2011**, and be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the addresses provided in the response to question 19 above.

## IF YOU DO NOTHING

### 24. What happens if I do nothing?

If you do nothing, you will be part of the settlement and will receive a payment from the settlement when the settlement is final. In addition, you will not be able to start, continue with, benefit from, or be part of any other lawsuit, arbitration or administrative action against the Defendants, their affiliates and their subsidiaries, or any of their current and former officers, directors, agents, registered investment advisors, employees or registered representatives related to the legal issues in this case.

## GETTING MORE INFORMATION

### 25. Are there more details about the settlement?

This notice provides only a summary of the proposed settlement. For more details, you may review the settlement agreement and other documents from the case at www.website.com. You may also contact Class Counsel by writing to Daniel C. Girard, Esq., Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, CA 94108, or calling 1-866-981-4800, or by writing to Susan Salvetti, Esq., Zwerling, Schachter & Zwerling, LLP, 41 Madison Avenue, New York, NY 10010, or calling 1-800-721-3900.

### 26. How do I get more information?

For more information about the settlement, you can call 1-800-000-0000 toll free, visit www.website.com, or write to Daniel C. Girard, Esq., Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, CA 94108, or Susan Salvetti, Esq., Zwerling, Schachter & Zwerling, LLP, 41 Madison Avenue, New York, NY 10010. Please do <u>not</u> contact the court with questions about the settlement.

DATE: **Month 00, 2011.**