THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 6 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

BILLITTERI v. SECURITIES AMERICA, INC., *et al.* (*Provident Royalties Litigation*)

3:09-cv-01568-F

THIS DOCUMENT RELATES TO:
ALL ACTIONS

### ORDER (1) PRELIMINARILY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, (2) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, AND (3) APPROVING CLASS NOTICE

BEFORE THE COURT is a Motion for Preliminary Approval of Class Action Settlement (*Billitteri* Docket No. 494), filed on November 4, 2011. For the reasons stated below, it is ORDERED that the Motion for Preliminary Approval is GRANTED.[1]

WHEREAS, on November 3, 2011, Representative Plaintiff,[2] on behalf of the Provident Settlement Class, and Settling Defendants NEXT Financial Group, Inc. ("NEXT") and NEXT Financial Holdings, Inc. in the above-captioned Class Action entered into a Settlement Agreement which is subject to the provisions of Rule 23 of the Federal Rule of Civil Procedure and sets forth the terms and conditions for the Settlement of the Class Action as against Settling Defendants and the release of Releasees; and the Court having read and considered the Settling Plaintiffs' Motion for Preliminary

---

[1] This resolves *Billitteri* Docket No. 494.
[2] Unless otherwise stated, all capitalized terms used herein have the meanings defined in the Settlement Agreement.

1

Approval, as well as the Settlement Agreement and the accompanying documents; the Settling Parties having consented to the entry of this Order; and the Court having heard argument regarding preliminary approval on December 6, 2011,

NOW, THEREFORE, IT IS ORDERED that:

1. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court preliminarily certifies the Provident Settlement Class as:

> all Investors, their successors and assigns, who purchased Provident Securities from NEXT and were damaged thereby. The Provident Settlement Class excludes: the Defendants; any entity that is a parent or subsidiary of any Defendant; the officers, directors, affiliates, legal representatives, registered investment advisors, Registered Representatives, predecessors, successors and assigns of any Defendant; Provident Royalties, LLC and its affiliates; any entity that is a parent or subsidiary of any Provident Entity; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Provident Entity; any putative members of the Provident Settlement Class who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; and any putative members of the Provident Settlement Class who have previously executed a release of claims against Settlement Defendants.

2. In the Class Action, Representative Plaintiff asserts claims against Settling Defendants under Sections 33(A)(2) and 33(F)(1) of the Texas Securities Act and for breach of fiduciary duty in connection with the sale of Provident Securities to Settlement Class Members. Representative Plaintiff alleges that NEXT offered and sold Provident Securities by means of untrue statements and omissions of material facts in the offering documents for those securities. Representative Plaintiff also alleges that NEXT breached its fiduciary duties to members of the Provident Settlement Class by failing to conduct

reasonable due diligence of the Provident Entities, failing to disclose that the offering documents misrepresented or omitted material facts, and failing to conduct proper due diligence. Representative Plaintiff further alleges that Settling Defendant NEXT Financial Holdings, Inc. is liable as a control person of NEXT. For purposes of the Settlement, the Court preliminarily certifies these claims for class action treatment.

3.      The Court preliminarily finds that the prerequisites for maintaining a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been preliminarily satisfied for the Provident Settlement Class in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are common questions of law and fact; (c) the claims of Representative Plaintiff are typical of the claims of the Provident Settlement Class that it seeks to represent; and (d) Representative Plaintiff will fairly and adequately represent the interests of the Provident Settlement Class.

4.      The Court further finds that the prerequisites for maintaining a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have been preliminarily satisfied for the Provident Settlement Class in that the Representative Plaintiff has demonstrated that: (a) common questions predominate over individual questions; and (b) that a class action is a superior method of adjudicating the claims raised in the Class Action.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Representative Plaintiff Karen L. Bopp, IRA, is preliminarily appointed as the class representative for the Provident Settlement Class.

6. Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby preliminarily appoints the law firms of Girard Gibbs, LLP and Zwerling Schachter & Zwerling, LLP as Settlement Class Counsel.

7. The Court preliminarily concludes that the Settlement was negotiated in good faith and is fair, reasonable and adequate, subject to proof to this Court's satisfaction in connection with Final Approval. *See* Fed. R. Civ. P. 23(e). Accordingly, the Court hereby preliminarily approves the Settlement.

8. The Court reserves the authority to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the authority to enter its Order of Final Settlement Approval and Judgment approving the Settlement Agreement and dismissing the Released Claims against Settling Defendants on the merits and with prejudice regardless of whether it has awarded attorneys' fees and expenses.

9. A Fairness Hearing (which, from time to time, and without further notice to the Settlement Class, may be continued or adjourned by order of this Court) will be held by this Court on **March 19, 2012 at 2:00 p.m.** for the following purposes:

(a) to finally determine whether the Provident Settlement Class satisfies the applicable prerequisites for class action treatment under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Order of Final Settlement Approval and Judgment, substantially in the form attached as Exhibit A, should be entered;

(d) to determine whether the proposed plan of allocation of the Settlement Fund to be set forth in the Notice is fair and reasonable, and should be approved by the Court;

(e) to consider any petition for attorneys' fees and costs submitted by Plaintiffs' Class Counsel, provided, however that Plaintiffs' Class Counsel shall not seek an award of attorneys' fees based upon the $2 million contribution to the Settlement Fund negotiated by FINRA or any portion of the Settlement Fund allocable to the PR Liquidating Trust; and

(f) to rule upon such other matters as the Court may deem appropriate.

10. The Court approves the substance and requirements of the Notice, substantially in the form attached as Exhibit B.

11. No later than ten business days from the entry of this order, Settlement Class Counsel shall mail, or cause to be mailed, the Notice to each Settlement Class Member at the last known address for such Person in NEXT's records or in the records of Provident Royalties Receiver Dennis L. Roossien. Notice costs shall be paid or reimbursed from the Settlement Fund.

12. Mailing of the Notice as described herein constitutes the best notice practicable under the circumstances and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

13. As required by the Class Action Fairness Act, 28 U.S.C. §1715, Settling Defendants will provide, in the event they have not done so as of the date of this Order, notice of settlement to the appropriate federal and state officials within ten days of entry of this Order.

14. The Court will consider comments in support of or in opposition to the Settlement, the plan of allocation, or the Fee and Costs Petition only if such comments and supporting papers are in writing, signed and filed with the clerk for the Court, United States District Court, 1100 Commerce Street, Dallas, TX 75242-1001, and copies of all such papers are served, on or before February 6, 2012, upon each of the following: Daniel C. Girard, Esq., Girard Gibbs LLP, 601 California Street, 14th Floor, San Francisco, California 94108, and Susan Salvetti, Esq., Zwerling, Schachter & Zwerling, LLP, 41 Madison Avenue, New York, New York 10010, on behalf of Settling Plaintiffs; and Fred N. Knopf, Wilson Elser Moskowitz Edelman & Dicker, LLP, 3 Gannett Drive, White Plains, New York 10604 on behalf of Settling Defendants and other Releasees. Any replies thereto shall be filed and served no later than March 5, 2012. Service on any party or counsel not registered with the Court's Electronic Case Filing System may be made by overnight delivery, facsimile or electronic mail.

15. Any person who fails to object in the manner or by the date specified herein shall be deemed to have waived all objections, shall not be heard at the Fairness Hearing, and shall forever be barred from making any such objection(s) to the Settlement in any appeal from the Final Order approving the Settlement or in any other action or proceeding.

16. Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally with respect to the approval of the Settlement, the plan of allocation, and/or the Fee and Costs Petition are required to indicate in their written comments their intention to appear at the Fairness Hearing. Persons who intend to object to the Settlement, the plan of allocation and/or the Fee and Costs Petition and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing. Settlement Class Members do not need to appear at the hearing or take any action to indicate their approval. To appeal any part of the order approving the Settlement as fair, reasonable and adequate, or to the award of reasonable attorneys' fees and expenses, a Settlement Class Member must appear in person, or through his or her attorney, or seek leave of Court excusing such appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at the Fairness Hearing.

17. Nothing in this Order shall stay or enjoin any proceedings by members of the Provident Settlement Class against any Non-Settling Defendant or other third party.

18. All parties are hereby notified that Final Approval would result in the dismissal, with prejudice, of the Released Claims.

19. If: (a) the Settlement is terminated pursuant to section VIII.F of the Settlement Agreement; (b) any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by Settlement Class Counsel and counsel for Settling Defendants; (c) the Court rejects, in any respect, the Order of Final Settlement Approval and Judgment in

substantially the form and content annexed to the proposed Preliminary Approval and Notice Order, and/or Settlement Class Counsel and counsel for Settling Defendants fail to consent to the entry of another form of order in lieu thereof; (d) the Court rejects the Settlement Agreement, including any amendment thereto approved by Settlement Class Counsel and counsel for Settling Defendants; or (e) the Court approves the Settlement Agreement, including any amendment thereto approved by Settlement Class Counsel and counsel for Settling Defendants, but such approval is reversed on appeal and the Effective Date does not occur, then, in any such event, the Settlement Agreement, including any amendment(s) thereto, and this Preliminary Approval and Notice Order certifying the Settlement Classes for purposes of the Settlement shall be cancelled and terminated, of no further force or effect, without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each Settling Party and Releasee shall be restored to his, her or its respective position as it existed on October 3, 2011 immediately prior to the mediation on October 4, 2011 and prior to the execution of the Settlement Agreement.

20. The Court retains exclusive jurisdiction over the Class Action, the Settling Plaintiffs, and Settling Defendants to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

Signed this 6th day of December, 2011.

Royal Furgeson
United States Senior District Judge