THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
MAR 19 2012
CLERK, U.S. DISTRICT COURT
By _____
Deputy 3:49 p.m.

| | |
|---|---|
| BILLITTERI v. SECURITIES AMERICA, INC., *et al.* (*Provident Royalties Litigation*) | : 3:09-cv-01568-P : : : |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : : |

**ORDER OF FINAL SETTLEMENT APPROVAL AND JUDGMENT**

On the 19th day of March, 2012, the Court[1] held a hearing to determine: (1) whether the terms and conditions of the Settlement Agreement entered into by Representative Plaintiff, on behalf of the Provident Settlement Class (collectively, "Settling Plaintiffs"), and Settling Defendants NEXT Financial Group, Inc. ("NEXT") and NEXT Financial Holdings, Inc. (collectively, "Settling Defendants"), dated November 3, 2011 are fair, reasonable and adequate for the Settlement of all Claims asserted by the Settling Plaintiffs against Settling Defendants in the above-captioned Class Action, including the release of the Releasees, and should be approved; (2) whether judgment should be entered dismissing the Released Claims alleged against Settling Defendants in the Class Action on the merits and with prejudice in favor of Settling Defendants only, and as against Settlement Class Members; (3) whether to approve the plan of allocation as a fair and reasonable method to allocate the Settlement Fund among the Settlement Class Members; and (4) whether and in what amount to award fees and reimbursements of expenses to Plaintiffs' Class Counsel. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and unless otherwise noted, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

substantially in the form approved by the Court was mailed to all Settlement Class Members; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Class Action, Representative Plaintiff, all Settlement Class Members and Releasees.

2. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court certifies the Provident Settlement Class as:

> all Investors, their successors and assigns, who purchased Provident Securities from NEXT and were damaged thereby. The Provident Settlement Class excludes: the Defendants; any entity that is a parent or subsidiary of any Defendant; the officers, directors, affiliates, legal representatives, registered investment advisors, Registered Representatives, predecessors, successors and assigns of any Defendant; Provident Royalties, LLC and its affiliates; any entity that is a parent or subsidiary of any Provident Entity; the officers, directors, affiliates, legal representatives, predecessors, successors and assigns of any Provident Entity; any putative members of the Provident Settlement Class who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice; and any putative members of the Provident Settlement Class who have previously executed a release of claims against Settlement Defendants.

3. In the Class Action, Representative Plaintiff asserts claims against Settling Defendants under Sections 33(A)(2) and 33(F)(1) of the Texas Securities Act and for breach of fiduciary duty in connection with the sale of Provident Securities to Settlement Class Members. Representative Plaintiff alleges that NEXT offered and sold Provident Securities by means of untrue statements and omissions of material facts in the offering documents for those securities. Representative Plaintiff also alleges that NEXT breached its fiduciary duties to members of the Provident Settlement Class by failing to conduct reasonable due diligence of the Provident Entities, failing to disclose that the offering documents misrepresented or omitted material facts,

and failing to conduct proper due diligence. Representative Plaintiff further alleges that Settling Defendant NEXT Financial Holdings, Inc. is liable as a control person of NEXT. For purposes of the Settlement, the Court certifies these claims for class action treatment.

4. The Court finds that the prerequisites for maintaining a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied for the Provident Settlement Class in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are common questions of law and fact; (c) the claims of Representative Plaintiff are typical of the claims of the Provident Settlement Class that it seeks to represent; and (d) Representative Plaintiff will fairly and adequately represent the interests of the Provident Settlement Class.

5. The Court further finds that the prerequisites for maintaining a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Provident Settlement Class in that the Representative Plaintiff has demonstrated that: (a) common questions predominate over individual questions; and (b) that a class action is a superior method of adjudicating the claims raised in the Class Action.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Representative Plaintiff Karen L. Bopp, IRA, is appointed as the class representative for the Provident Settlement Class.

7. Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints the law firms of Girard Gibbs LLP and Zwerling Schachter & Zwerling, LLP as Settlement Class Counsel.

8. Notice of the pendency of the Class Action and of the Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method

of notifying the Settlement Class of the pendency of the Class Action and of the terms and conditions of the Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

9. The notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, have been provided.

10. The Settlement is approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and confirmed as being fair, reasonable and adequate under the circumstances, particularly given the risks of continued litigation against Settling Defendants.

11. The Settling Parties are directed to consummate the Settlement in accordance with the terms and conditions set forth in the Settlement Agreement.

12. All Claims (whether known or unknown), that have been or could have been asserted by, on behalf of, or for the benefit of, or in the name of any Settlement Class Member, whether brought in state or federal court or any other forum, against Releasees, directly or indirectly, based upon, arising out of, or related to: (i) an investment or interest in one or more of the Provident Securities, or (ii) the facts, transactions, events, occurrences, acts, or omissions that relate to any of the matters alleged in the Class Action, are fully and finally released, relinquished and discharged.

13. All Released Claims are dismissed with prejudice and without costs to any Settling Party as against any other Settling Party, except as provided in the Settlement

Agreement and this Order of Final Settlement Approval and Judgment. The Releasees[2] are released from any and all liability as to the Released Claims, such that any and all Claims filed by, on behalf of, for the benefit of, or in the name of, any Settlement Class Member(s) in any forum against Releasees are or shall be dismissed with prejudice to the extent they assert the Released Claims.

14. Releasees hereby release any and all claims they had or have against any Representative Plaintiff, Settlement Class Member, or Plaintiffs' Class Counsel based upon, arising out of, or relating to the institution and prosecution of the Class Action or any other matter concerning the Settlement Class Member's investment or interest in the Provident Securities and hereby dismiss all such claims with prejudice and without costs to any Settling Party as against any other Settling Party or Releasee.

15. Releasees, and any other persons purporting to act in the name or on behalf of any Releasee, are barred and permanently enjoined from prosecuting, commencing or continuing against any Settlement Class Member any and all claims that they had or have based upon, arising out of, or relating to the institution and prosecution of the Class Action or any other matter concerning the Settlement Class Member's investment or interest in Provident Securities.

16. All claims for contribution, indemnification, or reimbursement, however denominated, against Settling Defendants arising under federal or state law, including those based in tort, contract or statute, or any other body of law, including such claims brought by the Non-Settling Defendants or any other third party, that allege Settling Defendants are joint

---

[2] As defined in the Settlement Agreement, "Releasees" means "Settling Defendants and their affiliates and subsidiaries along with each of their current and former officers, directors, agents, registered investment advisors and employees, including NEXT's Registered Representatives." Also as defined in the Settlement Agreement, "Registered Representatives" means "natural persons registered with FINRA as NEXT's current and former registered representatives or associated persons, including any entity (whether a corporation, partnership or other business entity) through which any of them conducted their business, acting in their capacities as such in connection with the offer and sale of Provident Securities to Settling Plaintiffs."

5

tortfeasors, wrongdoers, or otherwise at fault or liable, in connection with the Released Claims, are extinguished, discharged, satisfied, barred, enjoined and/or otherwise unenforceable.

17. All claims by Settling Defendants for contribution, indemnification, or reimbursement, however denominated, against the Non-Settling Defendants, or any other third party arising under federal or state law, including those based in tort, contract or statute, or any other body of law, that allege that the Non-Settling Defendants or any other third party are a joint tortfeasor, wrongdoer, or otherwise at fault or liable, in connection with the Released Claims, are extinguished, discharged, satisfied, barred, enjoined and/or otherwise unenforceable.

18. Any Non-Settling Defendant or any other third party alleged to be a joint tortfeasor, wrongdoer or otherwise at fault or liable, in connection with the Released Claims, whose right to pursue a claim for contribution, indemnification, or reimbursement, however denominated, is barred by Section VIII.C.11 of the Settlement Agreement shall be entitled to an appropriate judgment reduction. The right of any other person to an appropriate judgment reduction, if any, is unaffected by Paragraphs 16 through 18 of this Order of Final Settlement Approval and Judgment.

19. Neither this Order of Final Settlement Approval and Judgment, the Settlement Agreement, nor any document referred to therein, nor any action taken to implement the Settlement Agreement is, may be construed as, or may be used as: (a) an admission by or against Settling Defendants of any fault, wrongdoing or liability whatsoever; or (b) an admission by or against the Settling Plaintiffs that any of their claims are without merit or that recoverable damages do not exceed the Settlement Fund specified in the Settlement Agreement.

20. The plan of allocation is approved as fair and reasonable, and the parties are directed to administer the Settlement in accordance with its terms and provisions.

21.     The Court finds that: (a) there is no evidence of collusion, fraud, or tortious conduct by any of the Settling Parties or their counsel aimed at causing injury to the interests of the Non-Settling Defendants, any potential defendants, or others; (b) the Settlement has been entered into in good faith; and (c) all Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure at all times as to all proceedings herein.

22.     The Court will address the applications for payments of attorneys' fees and reimbursement of expenses (the "Fee and Costs Petition") in a separate order.

23.     This Court reserves exclusive jurisdiction, without affecting the finality of the judgment entered, over: (a) implementation of this Settlement and distribution of the Net Settlement Fund to Settlement Class Members; (b) the Fee and Costs Petition; (c) the Class Action and the Released Claims until the judgment contemplated hereby has become Effective and each and every act agreed to be performed by the Settling Parties shall have been performed pursuant to this Settlement Agreement; (d) enforcement of the bar orders and releases set forth in paragraphs 12-17 above; (e) all Settling Parties for the purpose of enforcing and administering this Settlement Agreement; and (f) Non-Settling Defendants in connection with continuing prosecution of the Reserved Claims.

24.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

///

///

///

25. There is no just reason for delay in the entry of this Order of Final Settlement Approval and Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.
Signed this 19th day of March, 2012.

*Royal Furgeson*
Royal Furgeson
United States Senior District Judge