IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLITTERI v. SECURITIES AMERICA, INC., et al., (*Provident Royalties Litigation*) | § § § | 3:09-cv-01568-P |

## ORDER

The Court granted final approval of the parties' proposed settlement in the above captioned matter by order dated March 19, 2012 (Dkt. No. 527), approving the terms of the Settlement Agreement filed on November 4, 2011[1] (Dkt. No. 496 at 3-29) and directing the parties to consummate its terms. The Court reserved jurisdiction of this action for the purpose of administering, consummating and enforcing the Settlement Agreement.

Now that the Net Settlement Fund has been fully funded and Settlement Class Members have been apprised of their anticipated *pro rata* distribution from the Net Settlement Fund, Plaintiff, with the consent of all parties, has filed an Amended Motion for Order Approving Distribution of the Net Settlement Fund in Connection with Class Action Settlement with NEXT Financial Group, Inc. and NEXT Financial Holdings, Inc.[2] (Dkt. No. 550) The Court has reviewed Plaintiff's Amended Motion, the supporting Declarations of Milo H. Segner, Jr. and Dena C. Sharp and related documents, and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1.   The determinations regarding Settlement Class Member eligibility, net loss amounts, and distribution amounts described in paragraphs 9-12 of the Segner Declaration and

---

[1] For the purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.
[2] The Segner and Sharp Declarations are included in the Appendix in Support of Plaintiff's Motion (Dkt. No. 544).

paragraphs 3-4 of the Sharp Declaration are approved.

    2.    The Net Settlement Fund shall be distributed to the claimants listed in Exhibit B of the Segner Declaration on a *pro rata* basis, as provided in the Settlement Agreement, VIII.G.2 (Dkt. No. 496 at 23). Settlement Class members who assigned their claims to the PR Liquidating Trust will receive payments from the Settlement as provided under the Plan of Liquidation. *Id.*

    3.    The distribution checks to be disseminated to the claimants shall bear the notation "CASH PROMPTLY, VOID IF NOT CASHED BY 120 DAYS AFTER ISSUE DATE." Settlement Class Counsel and Mr. Segner are authorized to take appropriate action to locate and/or contact any claimant who has not cashed his, her or its distribution check within that time.

    4.    Should any funds remain in the Net Settlement Fund 140 days after the initial distribution, Settlement Class Counsel shall notify counsel of record for the Attorney General of this fact, in writing, within 5 business days (*i.e.*, on or before the 145th day after the initial distribution). The parties, the Attorney General, and any other interested third parties shall meet and confer, with the goal of reaching an agreement and presenting to the Court a joint proposed plan for management of any remaining funds. If such an agreement cannot be reached, the parties, the Attorney General, and any other interested third parties will present their respective positions regarding the proper disposition of the remaining funds to the Court for a final determination. Mr. Segner will continue to hold any and all remaining funds that may exist after the initial distribution, until otherwise ordered by the Court.

    5.    Mr. Segner is authorized to destroy paper copies of the case and Class Member related documents one year after the distribution of the Net Settlement Fund to claimants and is authorized to destroy electronic copies of the case and Class Member related documents three years after distribution of the Net Settlement Fund to claimants.

6.      The Court hereby releases and discharges all persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the administration of claims filed in this Action from any and all claims by the claimants arising out of such involvement.

7.      Payments made pursuant to the Settlement Agreement shall be conclusive against all claimants. No person shall have any claim against Plaintiff, Settlement Class Counsel, Settling Defendants and their respective counsel or any other Released Persons, or Mr. Segner or other agent designated by Settlement Class Counsel arising from distributions made substantially in accordance with the Settlement Agreement, this Order, or further orders of the Court.

8.      This Court shall retain jurisdiction over any further application or matter which may arise in connection with this Settlement.

**IT IS SO ORDERED.**

Signed this 3rd day of ~~August~~ September, 2013.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE